Parsons, C. J.
[After reciting the pleadings, and the evidence offered by the defendant at the trial.] This evidence the judge rejected, and in our opinion very properly. The defendant, not content to slander the plaintiff in the country, perseveres in the calumny by putting the slander on record ; and would now protect himself from damages, by proving that reports against the plaintiff’s character, imputing larceny to him, previously existed. Two of these reports the jury have found to be false; and the general report might have been discredited, if not followed by the slanderous words of the defendant himself.
The plaintiff could have no notice from the pleadings to meet this evidence; and when regularly seeking redress for an injury from the defendant, he might be overwhelmed by particular scandal, which could not be traced to any author ; or, if it could, might be disproved. The evidence of such reports would, therefore, be extremely oppressive to the plaintiff, and would encourage slander in the country, by leading people to suppose that they were excusable in relating scandal, if they were not the authors of it.
Evidence as to the general character of the plaintiff, he may at all times encounter, if untrue; and if his character be generally bad, independent of the slander of which he complains, the jury may consider it. For the worth of a man’s general reputation among his fellow-citizens may entitle him to large damages for an attempt to injure it; which he ought not to obtain, if his character is of little or no estimation in society.
But evidence of the plaintiff’s general character was not offered ; but only an attempt to blast his reputation by particular reports, which he might not have it in his power to silence, but by commencing this prosecution. And if such reports could be given in evidence, the subject of them, however innocent, instead of seeking redress from the laws, had better sink privately under the weight of unmerited calumny, lest, by attempting his justification, he should * give notoriety to slanders,. which [*519] had before been circulated only in whispers.
*428 This is not like the case of Larned vs. Buffington, (3 Mass. Rep. 546.) There evidence of the plaintiff’s rank and employment was offered and rejected, and, under the circumstances of that case, not injuriously to the defendant. For the damage arising from the defamatory words, instead of being lessened by the plaintiff’s em ployment, ought, if at all affected, to have been aggravated. (4)

Let judgment be entered on the verdict.

 [See Starkie on Evidence, 2d edit. pp. 470, 216, 217, and note (k). — Ed.]