JEFFERSON.
August, 1818.

M'Coy
v.
Crawford.

---

## M'COY vs. CRAWFORD.

That the words spoken by the defendant were currently reported concerning the plaintiff in the neighborhood, is not admissible in mitigation of damages.

SLANDER.

PLEA, not guilty.

THIS was an action for slanderous words, to which the defendant pleaded not guilty. The plaintiff proved the speaking of the words, as laid, and which imported a direct charge of a slanderous nature. GOODENOW, for the defendant, then offered, in mitigation of damages, to prove that the charge made by the defendant against the plaintiff, was currently reported in the neighborhood, to be true, at the time of speaking the words, and cited 2d Root, 24; Penning, 169; 1 Binny, 85, 90. HALLOCK and WRIGHT, for the plaintiff, objected.

PRESIDENT.—The declaration alleges that the defendant uttered and published of and concerning the plaintiff, certain words, which, it is contended, import a direct charge of a slanderous nature, the

JEFFERSON.
August, 1818.

M'Coy
v.
Crawford.

evidence given to the jury, if believed by them, is sufficient to support the action, and although it is solely the province of the jury to determine ultimately on the credit due to witnesses, yet for the purpose of deciding on the admissibility of the evidence now offered in mitigation, we must consider the evidence given by them as true, and the plaintiff's action as fully sustained by it; for an offer of evidence in mitigation of damages, concedes that the plaintiff is entitled to recover some damages. If this slander had previously been uttered by another person, and the defendant had repeated it on the authority of such person, it would have been matter of justification, but it must have been pleaded specially. Davis vs. Lewis, 7th D. & D. 17 & Shaw vs. Grant, infra. 125, it could not have been given in evidence in mitigation of damages: if, then, the person repeating a slander invented by another, is answerable as the author of it, unless he at the time of publishing such slander does it expressly on the authority of the inventor, and pleads such matter in his justification, I cannot see how a man who has uttered a direct slanderous charge, without pretending any authority for it at the time, can consider it as any mitigation of the injury that others have reported the same slander: it would not be thought matter in mitigation of the damages in trespass, that others besides the defendant had committed similar trespasses upon the plaintiff, yet there is as much reason why a man should be excused for assaulting and beating another, because others had also assaulted and beaten him, as that he should be excused for defaming his character and possibly ruining his reputation, because others as wicked and malignant as himself have laboured to accomplish the same object. If such principles are established as law, individuals may be put out of the protection of the law by an iniquitous combination against them; beside, if such evidence may be given, it will not be possible to prevent men from making evidence for themselves, for so facile is the spread of slander, that the most malicious need not be a very industrious defamer of character to spread around himself this novel shield from responsibility. The case of Cook vs. Barkley, Pennington 961, is cited as having decided that " the defendant may give in evidence, in mitigation of damages, that he only repeated a current report, or that others had publicly declared the same thing," and Leister vs. Smith 2d Root 24, in which it is said to have been decided that " the defendant might prove in mitigation of damages from whom she heard the story "—we have neither Pennington or Root's Reports to

inform us under what particular circumstances, and
for what reason such evidence was admitted in the
cases referred to; that a case may exist in which the
admission of such evidence would be proper, may be
conceded, while, as a general rule of evidence, it must be deemed
unsafe if not unjust—so that a decision may be correct and proper
under the particular circumstances of a case, which could not be
adopted as a general rule : such is the case of Kennedy vs. Gregory, 1
Binn. 35, also cited by the defendant's counsel, in which it was decided
that the defendant might prove, in mitigation of damages, that a per-
son told him the words laid in the declaration. The case was this :
the declaration charged the defendant with having uttered and pub-
lished of and concerning him, in his business of.schoolmaster, "that
he loved liquor," and "that he was given to drink," per quod he lost
his school. The pleas were, not guilty and justification. The evi-
dence of the slander was the testimony of one S. B. that on his asking
the defendant, if Kennedy was given to drink, he answered either " it
is so," or " they say it is so." The defendant then offered to prove by
a witness, in mitigation of damages, that before the publication of the
words laid, he had told Gregory that the plaintiff was given to drink.
Two judges against one, held that as the plaintiff's witness swore in
the alternative, that the defendant declared to him *either* that the
plaintiff loved liquor, *or it was said so*, it was competent to the defend-
ant to shew by a witness, that *he had said so to him*, to take off all
presumption that the charge was a fabrication of his own, *merely in
mitigation of damages*. " Favorable cases make bad precedents," Burr.
1990. Without, however, expressing an opinion, as to the law of the
case of Kennedy vs. Gregory, it is sufficient to say, that it cannot be
received as an authority in a case the circumstances of which are alto-
gether different. In the case before us, the witnesses have not sworn
in the alternative, but directly and positively ; the reason, therefore,
for admitting such evidence in that case, does not apply to this. In
the case of Knobell vs. Fuller, appendix to Peake's evidence, Eyre,
chief justice, said, that, " in an action for words, the defendant might,
in mitigation of damages, give any evidence short of such as would
be a complete defence to the action, had a justification been pleaded,
but such evidence must be of appropriate matter of defence ; and as
every man is answerable for the slander he publishes of another, and
it is, in general, no excuse, that others have published the like slander,
to let in evidence of it, would be irrelevant to any matter in issue

*Margin:* JEFFERSON. August, 1818. M'Coy v. Crawford.

JEFFERSON.
December 1818

between the parties; it would not, as contended, shew the absence of malice; for, conceding the fact to be as offered to be proven, and the defendant may have been the author of the slander, or if not the author, it may have been powerless of injury until he asserted it and gave to it the weight of his character as a voucher for its truth. (Vide N. Wolcott vs. Hall, 6 Mass. Rep. 514.) *Evidence rejected.*