Matson
v.
Buck.

## Matson *against* Buck.

SLANDER, tried at the Cayuga circuit, Sep.ember 9th, 1824, before THROOP, C. Judge.

The action was for saying of the plaintiff, as a superintendant and collector of the Erie canal, "he has cheated the state; he has taken a receipt for ten dollars, and paid but one dollar; he has taken a receipt for thirteen dollars, and paid but six dollars."

The plea was the general issue with notice of justification. Failing to make out this on the trial, the defendant's counsel proposed to show, that the plaintiff's general reputation as to his official conduct, was bad; and that it was generally reported and believed in the neighborhood, that he had, in several instances, defrauded the state by taking receipts unjustly, for larger sums than he had paid out; and by employing the canal workmen upon his own private concerns, fraudulently, at the expense of the state.

On objection, this evidence was rejected by the judge; and the jury found for the plaintiff, damages $500.

*In slander for charging the plaintiff with a specific offence, the defendant cannot show, in mitigation of damages, or otherwise, that the charge was generally reported to be true.*

*S. M. Hopkins*, for the defendant, now moved for a new trial; and cited 1 John. Rep. 46; Bull. N. P. 298; 2 Cowen, 815; 3 Mass Rep. 546; Wheat. Selw. 977, and the cases there cited; 1 Bin. 90, note; Peak. Ev. 287; 2 Campb. Rep. 253, 4, 251.

*John Porter*, contra, cited 6 Mass. Rep. 514.

*Curia*, per SAVAGE, Ch. J. After the defendant had failed in proving specific charges, relating to the plaintiff's official conduct, which the former had put upon the record, he seeks to do indirectly what would be the same thing. He could not prove the truth of his slanderous charges; yet he wishes to save himself from damages, by showing that other people had said and believed what had turned out to be false No offer was made to attack the plaintiff's general

NEW YORK,   character. Such evidence would have been proper under
May, 1846.   the decisions of this court. (1 John. 46. 2 Cowen, 815.)

Matson
v.
Buck.

But, in this case, particular charges are sought to be sustained by unfounded reports. They must be considered so; because the defendant had failed in proving them, though he had attempted to do so.

This precise question arose in *Walcott* v. *Hall*, (6 Mass. Rep. 514.) *Parsons*, Ch. J. after stating that evidence of general character ought to be received, adds : " But evidence of the plaintiff's general character was not offered; but only an attempt to blast his reputation by particular reports, which he might not have it in his power to silence, but by commencing this prosecution. And if such reports could be given in evidence, the subject of them, however innocent, instead of seeking redress from the laws, had better sink privately under the weight of unmerited calumny; lest, by attempting his justification, he should give notoriety to slanders which had before been circulated only in whispers."

There is no doubt, the admission of such testimony would operate as a total denial of justice. These unfounded reports are the basis of charges made by the defendant; and when the plaintiff prosecutes, in order that their truth may be proved, the same slanderous reports are offered, to reduce the plaintiff's verdict to a nominal sum, which is equal to a verdict for the defendant. Thus they answer the same purpose as a justificatio 1. This is altogether insufferable.

The judge decided correctly; and a new trial should be denied.

New trial denied.