OPINION OF THE COURT — by the
Hon. EDWARD TURNER.
The record before us sets forth that on the 17th of January 1S27, a writ offi. fa. issued from the office of the clerk of the circuit court of Wilkinson county, wherein Gill Vance is plaintiff, and McGahey and Cain are defendants, directed to the sheriff of said county — that said writ came to the hands of the sheriff, on the 1st day of the same month, and commanded him to make the sum of <¡¡¡459 21 besides costs: that on this writ the sher. iff made return to the May Term that he had levied, 9th of March, on'one hundred acres of land, as the property i of Allen Cain, the security, and sold the same on the 3d. Monday'in April for $155 — that on the 28th April he again levied on a negro man named Aleck, as the property of said Cain, and on 11 bales cotton, as the property of McGahey, and not sold for want of time — that on the first day of the 'term of the said circuit court, holden on the 1st Monday of May, the plaintiff moved the court for judgment against said John Connell, sheriff, and Ms securities, who are not named, and on whom no notice is shown to have been served. Whereupon the court rendered judgment against said sheriff and his securities for the amount of the execution aforesaid, as well as thirty per cent interest for his damages, sustained by reason of the detention of his money aforesaid , besides costs. The plaintiff below relies on the 49th section of the act entitled "An act to reduce into one the several acts concerning executions, and for the relief of insolvent debtors,” found in the revised code page 210.
*255 The facts which are necessary to entitle the plaintiff to such judgment should appear on the record — they should be found by a jury, or be admitted by the parties; and when a court is about to enforce the provisions of a penal statute, it is required that such statute should be construed strictly.
In this case, I can see nothing on the record to support the judgment réndered against the sheriff and his securities. If the sheriff has neglected his duty, or acted fraudulently, or corruptly, the plaintiff has his com mon law remedy, and it is much more safe to leave ,him to that remedy, than to presume facts and impose penalties without the intervention of a ury. A plaintiff who wishes his money speedily made by a sheriff, and %vho intends to hold the sheriff strictly to an exact performance of official 'duty, and liable for neglect thereof, must first show that he has done his part, in taking out his execution in due time and placing it in the hands of the sheriff, so that the sheriff may be enabled to make the money by the return of the writ. No step of this kind appears to have been taken by the plaintiff, Vance. It does not appear at what time the defendant’s property became liable to the execution, or when the sheriff had notice of their possessing it; and I think I may safely say, that no facts appear to satisfy the mind of the judge, without presuming much, that the sheriff hath voluntarily, and without authority, omitted to levy the execution, or that he has made such return thereon, as would entitle the plaintiff to recover by action of debt against him.
The record does not show that the sheriff had notice of the motion, much less that his sureties had. ' And is the law so severe as to condemn men to the payment of heavy penalties, without even the chance of a hearing? I thiuk not. Justice to the plaintiff does not require it, and common justice to the sheriff and his sureties forbids it.
As to the money matter, it does not appear that the sheriff was required to pay it, or that he failed or refused, or that that money was the ob_ ject ofthe motion. But as it did not appear that the sheriff paid it over to the plaintiff, as he might, and should have done, judgment might now be rendered against him for the nett amount thereof, after deducting costs, to gether with interest, at the rate of 10 per cent.pr. annum from the first Monday in May last, until paid provided, due notice had been given. No *256 notice appearing to have been given, I am of opinion that the judgment ofthe court below be reversed.
Judge Black concurs.