Dewet, J.
This case comes before us upon exceptions taken to the ruling of the court of common pleas, upon various points raised in the trial before that court.
1. It was contended that the specification or bill of particulars, filed by the plaintiff, did not sustain the case stated in the declaration. The declaration alleges that the defendant falsely and maliciously charged the plaintiff with the crime of fornication. This charge is set forth in three distinct general counts, charging the same words to have been spoken on three different occasions. The defendant asked for a bill of particulars, which was granted. It is within the power of the court to order such bill of particulars, or specification of the grounds of the plaintiff’s action, in an action of slander; and to some purposes, and on some occasions, such bill of particulars may be proper and *383 useful in such an action; but it must be quite obvious, that in cases like the present, bills of particulars are less easily given, and less capable of being reduced to the nature of precise information, than in actions of assumpsit on contracts. No objection, however, is urged against the authority of the court to order such bill of particulars; and the only inquiry is, whether the order was substantially complied with.
Three specifications are filed by the plaintiff, corresponding, in their number, with the counts in the declaration. The first two specifications allege that the plaintiff complains of the defendant for falsely and maliciously declaring that she was a whore; and the objection taken is, that the charge in the specification is much broader than that embraced in the declaration; the latter setting forth only that the defendant charged the plaintiff with the crime of fornication. Be it so. Still, if the words alleged in the specification included the charge of fornication, when the defendant is shown, by the evidence, to have spoken the words contained in the specification, he is also shown to have made the charge set forth in the declaration. The fact, that the defendant used words importing a higher grade of offence, constitutes no sufficient objection, on the ground of variance, if the words used do in fact necessarily impute to the plaintiff the offence charged in the declaration; unless the case be one where, from the nature of the declaration, the precise and not equivalent words must be proved. Such strictness in excluding, as incompetent, all evidence that may tend to show a greater offence than the one charged, is not allowed, even in criminal proceedings, where much less latitude is usually allowed, in the admission of evidence, than in civil cases. Under a charge of larceny, for instance, clearly it would be no objection to the competency of the evidence, that it proved that the defendant had committed a burglary as well as a larceny. In criminal cases, too, the evidence is competent, if it fails to prove the aggravated charge contained in the indictment, but does prove a substantive offence, which is embraced in the greater offence set forth in the indictment. The true question, as it seems to us, is not whether the charge in the declaration corresponds in all respects with the *384 ^charge contained in the specification, but whether the charge contained in the specification necessarily includes that stated in the declaration, so that if the former be proved, the fact charged in the declaration must also be proved. If it be so, then there is no ground for the objection of a discrepancy between the specification and the declaration; and if the former has been sustained upon competent evidence, and under proper instructions to the jury, the declaration is also well sustained, and judgment should be entered upon the verdict, if there be no sufficient grounds for sustaining the other exceptions taken in the case
2. The next objection arises upon the ruling of the court upon the effect to be given to the testimony of Moses Wood, narrating certain declarations of the defendant, having a bearing, more or less direct, upon the matter set forth in the declaration, but which was, at the suggestion of the plaintiff’s counsel, set aside as unadvisedly stated by the witness, and undesignedly introduced into the case, so far as the plaintiff had any agency therein, and therefore not to be treated as evidence offered to support either count in the declaration. The defendant objects to this, and insists .that this testimony shall be applied to some one of the counts. He relies upon the rule, that the plaintiff having introduced evidence of some particular act, to support the charge set forth in one of her counts, and having thus designated her cause of action, and pointed to the acts of the defendant upon which she founded her action, by calling witnesses thereto, she shall not be allowed subsequently to introduce evidence of another and distinct transaction, to sustain the same count, upon discovering that the ground first assumed by her has failed, either in the sufficiency of the proof offered by her, or by the controlling evidence of the defendant. Of the existence of such a rule as is suggested, there can be no doubt; but it is one to be cautiously applied, and not to be used to defeat the just rights of a party, arising from a mere mistake or inadvertence in permitting testimony to be given, of the existence of which the party might have been ignorant, or, if conusant of wmch, he might have intended should not be introduced into the case, he having other *385 evidence of a more decided character, and more directly applicable to his case. Under such circumstances, all that can be required is reasonable diligence, on the part of the counsel, to prevent such testimony from being introduced, or, if it is introduced without their assent, at once to disavow it as evidence upon which they rely to sustain their action. We think the facts here stated do not show a proper case for the application of such a rule as has been stated; and that it was open to the plaintiff to proceed to prove a distinct conversation by the witness, as the ground upon which she would rest this part of her case, without being restricted to the time or words first mentioned by the witness in giving that part of his testimony which the counsel for the plaintiff disclaimed. Nor do we perceive that the previous notice given by the defendant, that he should insist upon this rule, varies the case, otherwise than it might require greater consideration, on the part of the plaintiff’s counsel, in the introduction of his testimony. It seems to us, therefore, that the exception taken on this point cannot be sustained.
3. It was further contended by the defendant, that no sufficient evidence was introduced to support the several specifications, or, (to use the precise language of the bill of exceptions, instead of the proposition of the counsel for the defendant,) “ that, in point of law, the proof did not support the declaration and the specification.” It is conceded that, under the view that was taken by the court of common pleas on the question of the competency of the specification, and which is now sanctioned by this court, the proof offered was fully sufficient to support the declaration ; but it is insisted that the specifications are so connected with the declaration, that they are to be proved with all the minuteness and accuracy which would be requisite in proving a special declaration setting forth the same matter. Is it true that the bill of particulars, in an action of slander, is to be treated in all respects like a special declaration, and is liable to be defeated by such slight variances between the allegata et probata as would avail in a special declaration? If so, the benefits which have been supposed to be secured by a general count, in an action of slander, and which are so strongly and *386 fully set forth in the opinion of the court, in the case of Whiting v. Smith, 13 Pick. 364, would seem, after all, to be of little moment, as the defendant could, as a matter of course, avail himself of the right to demand a bill of particulars, and thereupon confine the plaintiff to the same strict proof of the precise words set forth in such bill, as would be required in proving a declaration specially setting forth the exact words alleged to have been spoken. As an argument in favor of our practice of admitting the plaintiff to declare generally in an action of slander, it was said by the court, in the case just cited, that the plaintiff might not know beforehand exactly what words he might be able to prove. Hence he may be under the necessity of declaring in a great many counts, and introducing many different sets of words, all substantially to meet his proof, and thus occasion great prolixity in the record, great inconvenience in the trial, and perhaps at last, with a just cause and plenary proof, be defeated by some verbal variance. This court having fully sanctioned the general count stating only the substance of the charge made by the defendant, and not the precise words, to avoid the inconveniences just stated, it can hardly be supposed that we should defeat the very object of this mode of declaring, by requiring a bill of particulars as minute as a special count upon the words, and to be held equally liable to all objections on account of minute variances between the same and the evidence produced to support it. Nor is it true that a variance between the case stated in the bill of particulars, and that shown by the evidence, is in all cases fatal to the plaintiff. Thus in the case of Green v. Clark, 2 Dowl. P. C. 18, it was held that, though the particulars of a demand vary from the evidence which the plaintiff produces, yet if the defendant appears and pleads, and is not misled by them, the variance is no ground of nonsuit. So in an action of debt for rent, in which the declaration did not set forth where the lands were situated, and the bill of particulars described them as situate in a wrong parish, yet it was held that the plaintiff might recover, unless the defendant could show not only that he might have been, but that he was, actually surprised. Davies v Edwards, 3 M. & S. 380.
*387 In Harrison v. Wood, 8 Bing. 371, it was held that a particular is not to be construed so rigidly as to nonsuit a plaintiff for inaccuracies which could not mislead. This broad distinction seems to be taken, that variances in bills of particulars are not fatal unless the other party has been misled; while the defendant may take advantage of variances in proof offered to support special declarations, without showing that he has been misled in fact.
Without pursuing this point further, or attempting to prescribe any precise rule applicable to variances occurring in the proof offered to sustain a bill of particulars filed, where there is a general count in an action of slander, I will proceed to consider the state of the present case, upon the facts stated in the bill of exceptions and the accompanying report of the evidence. Treating these specifications as special counts, it would not be required of the plaintiff that he should prove the entire words set forth in the specifications. Only the material words must be proved as set forth. But as to unimportant or descriptive words, more latitude is allowed, and a failure to prove them is not fatal to the action. Whiting v. Smith, 13 Pick. 372. In Fox v. Vanderbeck, 5 Cow. 513, it was held that the plaintiff need not prove all the words stated on the record, but only so much of them as is sufficient to sustain his action. And in Purple v. Horton, 13 Wend. 9, it is said that in an action of slander, it is no cause of nonsuit that all the actionable words laid in the declaration are not proved; it is enough that some actionable words be proved.
The material charge of the first specification, in the present case, is the allegation that the defendant said of the plaintiff that “ she was a strumpet, or a whore.” The evidence of Sylvester Miller was to that point, and is obviously quite sufficient to authorize it to be submitted to a jury, as tending to.prove the first specification. The second specification was of like import, and was directly proved by the testimony of Moses Wood. The third specification, upon which this objection is particularly urged, charges the defendant with saying “ that a man had been with the plaintiff, and had had sexual intercourse with her, and *388 that she kept as bad a house as was ever kept on Boston Hill.” The plaintiff relies on the testimony of Lyman Frost to sustain this specification. His testimony was thus: “ I heard the defendant say the plaintiff was a whore. What began it was, he wanted to know if I had been there lately. I told him I had not. He said he thought it would be a good plan for me not to go. He called her a whore, and said she kept a very bad house.”
Now it is very obvious that this evidence does not sustain the entire recital contained in the specification; but, as already stated, if they are unimportant or mere descriptive words, and a substantial cause of action is shown without them, the omission to prove all the words stated is not material. The main charge, the substantial allegation, is, that the plaintiff had had sexual intercourse with a man. The plaintiff contends that the evidence of Frost would well warrant the jury in finding that the defendant charged the plaintiff with having had sexual intercourse with the witness. Without particularly considering the force of this argument, and whether it be sound or not, it seems to us that the allegation that the defendant charged the plaintiff with having had sexual intercourse with a man, is directly supported by that part of the testimony of Frost, wherein he says that the defendant said “ that the plaintiff was a whore.” This charge, though broader than the specification, yet includes the charge contained in the specification, and is sufficient to establish the fact charged in the specification, upon the principles already stated.
4. The question presented by the remaining exception is, whether the presiding judge properly refused to allow the defendant to prove by Moses Wood, a witness introduced by the plaintiff, and who testified to a conversation between the defendant and said Wood’s wife, in which the defendant charged the plaintiff with being a whore, that a short time before this conversation testified to by the witness, he the said Wood had told the defendant that “ the plaintiff was a whore.” The defendant insists that he may introduce this evidence, for the purpose of showing the circumstances under which the slanderous words were uttered, or that he was not actuated by malice, but spoke *389 the words under an honest misapprehension, and supposing them to be well founded. No authorities were cited by the defendant’s counsel, to sustain this position. Indeed, they seem to admit that the adjudicated cases in Massachusetts are against the introduction of the proposed evidence of Moses Wood in this matter. The rejection of this evidence, it may be remarked in the outset, does not seem to present a case where the party was prevented from showing the circumstances immediately connected with the speaking of the words; much less from showing that they were spoken in confidence, as in giving the character of a servant, or cases of like character. It is the naked proposition, that the defendant may prove that he had been told a similar story in relation to the plaintiff by one of the persons who were present when the defendant uttered the alleged slanderous words. It seems to us to be nothing beyond the naked case of one offering to show that, before uttering the slanderous words, he had been informed by an individual, that “ the plaintiff was a whore.” The defendant did not name his authority, at the time of the speaking of the words. Even had he done so, it is questionable how far that would constitute a defence. Earl of Northampton’s case, 12 Co. 153, has been often questioned; as in Dole v. Lyon, 10 Johns. 44, and Lewis v. Walter, 4 Barn. & Ald. 605. The doctrine of the latter case is, that it could only be done by showing such repetition to have been without malice, and upon a fair and justifiable occasion.
It has been sometimes supposed, that it was competent to show, in mitigation of damages, that before the speaking of the words complained of there was a report current in the neigh borhood, that the plaintiff had been guilty of the offence charged upon him by the defendant; and the cases of the Earl of Leicester v. Walter, 2 Campb. 251, and - v. Moor, 1 M. & S 284, have been relied upon to sustain that point. But this court has repeatedly refused to allow the introduction of such evidence. The cases last cited have been sometimes considered rather as having sanctioned this species of evidence as proper evidence of general reputation, and competent, by way of neg *390 ativing the general good character of the plaintiff. Their language apparently goes somewhat further ; but however that may be, it was directly decided in the case of Alderman v. French, 1 Pick. 1, that evidence of a general report that the plaintiff was guilty of the crime imputed to him cannot be received in mitigation of damages. The same question again came before this court, in Bodwell v. Swan, 3 Pick. 376, where it was proposed to show that there were reports in circulation in the neighborhood, of a nature calculated to raise a belief in the mind of the defendant that what he had said was true; but this testimony was excluded; the court saying “ that character could not be protected, if the third or fourth circulator should be able to defend himself, or reduce the damages, because he only gave more publicity, and added the weight of his character, to calumny which had been originated by others.”
This subject is certainly not free from difficulty. Cases may occur, where hardship, and even injustice, may seem to result from the exclusion of such testimony. On the other hand, great abuses may be practised, and great evils may result from the adoption of a principle which, to some extent, would furnish facilities for escaping from the proper responsibility which every man assumes, who imputes a criminal offence to his neighbor. The decisions upon the competency of evidence of this nature are, to some extent, conflicting; but this court early indicated their inclination to exclude such evidence. In Wolcott v. Hall, 6 Mass. 514, evidence of this character was rejected, upon full consideration, and for much the same reasons as are stated in the latter cases of Alderman v. French, and Bodwell v. Swan. The question, however, in the case of Wolcott v. Hall, arose under a plea alleging, the truth of the words in justification; and the decision has been sometimes supposed to have been re< stricted to an issue tried upon pleadings of that nature; but the later cases, just referred to; were tried upon the general issue. The same doctrine seems to have been sanctioned by other highly respectable tribunals. In Matson v. Buck, 5 Cow. 499, it was held, that evidence of general reports that the plaintiff was guilty of the crime charged in the alleged slanderous words, *391 was inadmissible. In Mapes v. Weeks, 4 Wend. 659, it was ruled, that evidence that the defendant had been told by a third person, that the plaintiff was guilty of the crime imputed to him, was inadmissible; Chief Justice Savage citing with approbation the case of Bodwell v. Swan, 3 Pick. 376, and adopting the views and the reasoning of the court in that case. The decision in Mapes v. Weeks was confirmed by the same court, in Gilman v. Lowell, 8 Wend. 581. The case of Inman v. Foster, 8 Wend. 602, presented the precise question which arises in the present case; the defendant there offering to prove that, previously to the speaking of the words, a third person had told him the story as he repeated it. This was rejected as incompetent evidence. In the State of Connecticut, where, upon the authority of the English cases already referred to, and found in 2 Campb. 251, and 1 M. & S. 284, the court have permitted evidence of general reports of the plaintiff being guilty of the imputed offence, under the questionable hypothesis, that it is admissible as evidence of the general character of the plaintiff; it is held that the defendant cannot, under the general issue, give in evidence, in mitigation of damages, that he was not the author of the story he propagated, but first heard the same from another person. Treat v. Browning, 4 Connect. 408.
We are satisfied that the ruling of the court of common pleas, upon this point, was correct; and the result is, that all the exceptions are overruled.

Judgment on the verdict