# Pease *versus* Shippen.[1]

1. In slander, general reports of the truth of the charges are not admissible for any purpose.

2. Under the plea of the general issue only, whilst the plaintiff's general character may be assailed, neither particular reports nor the general currency of the particular charge can be given in evidence.

3. Conroe *v.* Conroe, 11 Wright 201; Fitzgerald *v.* Stewart, 3 P. F. Smith 343; Long *v.* Brougher, 5 Watts 439; Lukehart *v.* Byerly, 3 P. F. Smith 418, binding authorities.

| 80 | 513 |
|----|-----|
| 203 | ¹353 |
| 80 | 513 |
| 36 SC | ²261 |

November 4th 1874. (At Pittsburg.) Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR and GORDON, JJ.

Error to the Court of Common Pleas of *Crawford county:* Of October and November Term, 1874.

This was an action on the case for slander, brought August 31st 1872, by Nial Pease against Evans W. Shippen.

The declaration contained three counts. In the first, the words alleged to have been spoken were: " This road was laid when you were in the penitentiary;" in the second, "You were in the penitentiary of Massachusetts;" in the third, "You are a perjured rascal, and have been in the penitentiary."

The plea was, " Not guilty."

The case was tried December 17th 1873, before Lowrie, P. J.

The plaintiff proved the uttering of words laid in the declaration.

The defendant then offered to prove, in order to rebut the presumption of malice and in mitigation of damages, a general report in the neighborhood that Pease had been in the penitentiary. The offer was objected to by the plaintiff, admitted by the court, and a

---

[1] The opinions in this and the following case were not delivered until the other cases argued at the same Terms had been published.

[*Pease v.* Shippen.]

bill of exceptions sealed. The witnesses testified that there had long been a rumor in the neighborhood that the plaintiff had been in the penitentiary.

The verdict was for the plaintiff for $1 damages. He took a writ of error, and assigned for error the admission of defendant's offer of evidence.

*Roe Reisinger* and *A. B. Richmond,* for plaintiff in error.— Whilst the defendant, in an action of slander, may assail the general character of the plaintiff, he cannot give evidence of particular reports: Lukehart *v.* Byerly, 3 P. F. Smith 421; Long *v.* Brougher, 5 Watts 439; Conroe *v.* Conroe, 11 Wright 201; Smith *v.* Stewart, 5 Barr 372; Steinman *v.* McWilliams, 6 Id. 173; Fitzgerald *v.* Stewart, 3 P. F. Smith 343; Bodwell *v.* Swan, 3 Pick. 376; Wolcott *v.* Hall, 6 Mass. 517; Alderman *v.* French, 1 Pick. 17; Root *v.* King, 7 Cowen 630; Matson *v.* Buck, 5 Id. 499.

*Douglass* and *McCoy,* for defendant in error.—In actions in slander under the plea of not guilty, evidence which does not tend to prove the truth of the offence charged, but which was calculated to induce a mistaken belief in the mind of the defendant that the charge was well founded, is admissible to disprove malice and in mitigation of damages: Stees *v.* Kemble, 3 Casey 112; Chapman *v.* Calder, 2 Harris 365; Minesinger *v.* Kerr, 9 Barr 312; Petrie *v.* Rose, 5 W. & S. 364; Beehler *v.* Steever, 2 Wharton 313; Porter *v.* Botkins, 9 P. F. Smith 484.

Mr. Justice WILLIAMS delivered the opinion of the court, January 2d 1877.

The question presented by this record has been variously decided by the English and American courts, and the decisions of the same court have not always been uniform and consistent. In England, and in some of the United States courts, it has been held that, under the general issue, in slander, the defendant may prove, in mitigation of damages, that when the words were uttered a general rumor or report existed in the neighborhood that the plaintiff was guilty of the offence charged: Earl of Leicester *v.* Walter, 2 Campbell 281; 1 M. & S. 284; Wetherton *v.* Marsh, 20 N. H. 561; Care *v.* Marks, 20 Conn. 248; Fuller *v.* Dean, 31 Ala. 654; Galloway *v.* Courtney, 10 Rich. (S. C.) Rep. 414; Calloway *v.* Middleton, 2 A. K. Marsh. 372; Henson *v.* Veatch, 1 Blacks. 369. In other states it has been held that general reports of the truth of the charges cannot be given in evidence in mitigation of damages: Wolcott *v.* Hall, 6 Mass. 514; Alderman *v.* French, 1 Pick. 17; Bodwell *v.* Swan, 3 Id. 376; Matson *v.* Buck, 5 Cow. 499; Root *v.* King, 9 Id. 613; Cole *v.* Perry, 8 Id. 314; Mapes *v.* Weeks, 4 Wend. 659; Inman *v.* Foster, 8 Id. 602; Sheaben *v.*

Collins, 20 Ill. 355; Young v. Bennett, 4 Scam. 43; Anthony v. Stephens, 1 Miss. 254. Whatever may have been at one time the rule in this state as to the admissions of such reports, Kennedy v. Gregory, 1 Binn. 85, Beehler v. Steever, 2 Whart. 313, Smith v. Stewart, 5 Barr 372; it must now be regarded as the settled law of Pennsylvania, that they are not admissible for any purpose: Fitzgerald v. Stewart, 3 P. F. Smith 343; Lukehart v. Byerly, Id. 418. In the former case (Fitzgerald v. Stewart), the court was asked to charge in substance that if the jury found there were general suspicions and reports that the plaintiff was guilty of the offence charged in circulation before the defendant spoke the words, and that the defendant only uttered what was already in general circulation, in that event they should consider the fact in mitigation of damages. To this the court answered that if these suspicions and reports originated with the plaintiff herself, it was material in lessening the damages, but if the evidence did not prove that the plaintiff gave rise to the reports, the fact that they existed was not evidence against her, and ought to be disregarded by the jury. In delivering the opinion of this court, affirming the correctness of this answer, STRONG, J., said: "It is to be noticed that the point did not refer to the general character of the plaintiff, but to the suspicions of a single guilty act. Nor did the point present a case of suspicions known to the defendant when she uttered the slander. If they were unknown, their existence did not tend to show a less degree of malice in the defendant, and if they were known, it ought to be regarded no apology for her that others were repeating similar slanders. In the present case the defendant herself may have been the author of the reports long before she spoke the words complained of in the declaration. Whatever may be the rule elsewhere, it is well settled with us, that while the general character of the plaintiff in an action for slander may be assailed, particular reports, or reports of guiltiness of particular offences, may not be given in evidence for any purpose, not even to mitigate damages." In the latter case (Lukehart v. Byerly) the defendant proposed to prove that weeks before the plaintiff alleged the defendant spoke the words charged in the narr, they had been spoken by other parties, and were in general circulation in the neighborhood, and the story was communicated to the defendant. The court rejected the first part of the proposition to prove that there were reports of this matter through the country and that others had spoken of it, but admitted that part of the proposition which proposed to prove that the circumstances were communicated to the defendant before the uttering of the words proved in the case. The defendant excepted to this ruling, and this court held that the evidence was rightly rejected. WOODWARD, J., said: "The general issue only had been pleaded, and under this, whilst the defendant might assail the general character of the

[Pease *v.* Shippen.]

plaintiff, he might not, as I understand the decisions, give evidence of particular reports, not even of the general currency of the particular charge which he took up and endorsed: Long *v.* Brougher, 5 Watts 439; Conroe *v.* Conroe and Wife, 11 Wright 201, and the cases cited." These authorities are binding upon us, and are decisive of the questions presented by the bill of exceptions in this case. It follows that the court below erred in admitting the evidence complained of.

Judgment reversed and a *venire facias de novo* awarded.