## COLLINS V. HUBBARD.

The value of public securities are to be estimated at the time when payable, if no time is set, then they are due presently and that is the time to estimate them.

ACTION upon a note dated the 16th of March A. D. 1790 for £142 14s. state securities payable in coin on demand. Plea of full payment. Issue to the jury.

The sole question was — What ought to be the rule by which to assess the damages; whether the value of the securities at the time of the contract — or at the time of commencing the suit, as no demand was made previous to that — or at the time of rendering the judgment.

By the COURT. The value of securities is to be taken at the time when they are made payable, if any time is given for payment — but where no time is given, they are due presently; in that case the value is to be estimated at the time of the contract and the jury found accordingly upon second consideration.

## BRUNSON V. LYNDE.

In an action of defamation where the plaintiff sets up his character to be good, to the point of damages his general character with respect to the crimes he was charged with, may be inquired of.

ACTION of defamation, for saying that the plaintiff had perjured himself in a certain cause before an arbitration. Issue to the jury.

Question put to the court — Whether evidence may be introduced with respect to the plaintiff's general character?

By the COURT. Such evidence is admissible, as the plaintiff has directly set up his character to be good, and which will go to the point of damages.