NEW YORK,
May, 1824.

Paddock
v.
Salisbury.

PADDOCK *against* SALISBURY.

SLANDER by Paddock against Salisbury; for that the defendant had charged the plaintiff with arson, (setting forth the words,) also for charging the plaintiff with being a thief, and stealing apples.

Plea, the general issue.

The case was tried at the Oneida Circuit, November 23d, 1821.

One Sabin testified that he had heard the defendant charge the plaintiff, with arson as set foith in the declaration; but this witness was discredited by showing that he had deliberately denied, in conversation, what he now swore to.

A. Smith swore that the defendant admitted to him that he had charged the plaintiff with stealing apples; but on explanation, both the witness and the defendant concluded, that under the circumstances, it was a mere civil trespass.

G. White testified, that the defendant charged the plaintiff with arson as set forth in the declaration; but left it in doubt whether the words were spoken before or after the suit was brought, which was the first of May term, 1821.

S. Salisbury testified, that he heard the defendant charge the plaintiff with hooking apples; that the term *hooking* meant stealing, and was so understood; and that the defendant did not explain whether the apples were taken from the trees or not.

The defendant's counsel then proposed to inquire into the plaintiff's general character as a virtuous, honest man, or otherwise, to which the counsel for the plaintiff objected; but the objection was overruled by the Judge; and witnesses were examined to the point of the plaintiff's good and bad character by both parties. Five witnesses for the defendant then testified that the plaintiff's character was not so good as that of people in general; a sixth that he could say nothing against it; a seventh, that he had been acquaint-

*In slander, for charging plaintiff with felony, evidence of his general character, is admissible, in mitigation of damages under the general issue. Otherwise, it seems, if justification be pleaded. In slander, in penal actions, actions, for a libel and other actions, vindictive in their nature, a new trial will not be granted merely because the verdict is against the weight of evidence.*

NEW YORK,
May, 1824.

Paddock
v.
Salisbury.

ed with him 20 years, and lived within 3 miles of him and could not testify that his character was good or bad before a certain house was burnt ; that he had heard much said since the burning, and many thought it was some of the Paddock family ; and another witness testified that his character was good, though not much spoken of before the house was burnt. Three witnesses testified that his character had for years been bad. For the plaintiff, four witnesses testified to his uniform good character, in addition to Sabin and Salisbury.

The jury found a verdict for the defendant.

*J. Lynch*, now moved for a new trial, 1. because the verdict was against the weight of evidence ; 2. because the evidence of the plaintiff's general character was inadmissible.

As to the first point, he said it was sufficient, if the substance of the words set forth in the declaration was proved. They need not be shown literally.(a)

To the second point, he cited *Larned* v. *Buffington*.(b)

*S. Beardsley & H. R. Storrs*, contra. The jury passed upon the credibility of the witnesses ; and their finding i conclusive.(c) They were also entitled to pass upon the sense of the words,(d) and whether the conversation sworn to by White was before or after the commencement of the suit. The only words which can be considered as proved, are the *hooking* apples, mentioned by Salisbury ; and this is not slander. To say of a man " he has stolen my apples out of my orchard," is not so.(e)

But it is a sufficient answer to this ground of application that the action is for a tort ; and the verdict will not be disturbed because it is against the weight of evidence.(f)

It is, perhaps, immaterial whether general character was admissible or not. The jury found for the defendant on the ground that they disbelieved the plaintiff's evidence ; and it is plain that the plaintiff cannot, at any rate if the cause be sent back, recover more than nominal damages. This alone would be a sufficient argument against a new trial.(g)

But the case was probably made with a view to settle the

(a) *Miller* v. *Miller*, 8 John. Rep. 74. 2 Bl. Rep. 961.
(b) 3 Mass. Rep. 546.
(c) 3 Bl. Com. 375.
(d) *Dexter* v. *Taber*, 12 John. 240.
(e) *Petty* v. *Waight*, 1 Bulstr. 173, & vid. *Thompson* v. *Bernard*, 1 Campb. Rep. 48.
(f) *Jarvis* v. *Hatheway*, 3 John. Rep. 180. *Feeter* v. *Whipple*, 8 id. 369. *Hurtin* v. *Hopkins*, 9 id. 36.
(g) *Hyatt* v. *Wood*, 3 id. 239.

question whether the evidence of the plaintiff's general character is admissible under the general issue. This point was raised several years ago, and the then Supreme Court were equally divided,(h) though we understand that the practice at *nisi prius* has been to admit the evidence. In *Springstein* v. *Field*,(i) it was received, and Spencer, Justice, said he had fully considered the question, and had no doubt about it, though for particular reasons, he gave no opinion in *Foot* v. *Tracy*.

NEW YORK,
May, 1824.

Paddock
v.
Salisbury.

(h) *Foot* v *Tracy*, 1 id. 46
(i) Anthon's N.P. Rep. 185.

[WOODWORTH J. I believe this has been the uniform practice for a great number of years.]

To show that it is admissible upon precedent, the counsel cited the following authorities: Peak. Ev. App. 92. 1 Phil. Ev. 140. *Earl of Leicester* v. *Walter*, (2 Campb. Rep. 251.) ——— v. *Moor*, (1 M. & S. 284.) *Larned* v. *Buffington*, (3 Mass. Rep. 546.) *Brunson* v. *Lynde*, (1 Root, 354.) *Seymour* v. *Merrills*, (id. 459.) *King* v. *Waring et ux.* (5 Esp. N. P. Rep. 13.)

So of several other actions, which involve character: In adultery. (*Elsam* v. *Faucett*, 2 Esp. N. P. Rep. 562. Bull. N. P. 27, 296. 1 Phil. Ev. 139. *Bromley* v. *Wallace*, 4 Esp. N. P. Rep. 237.) In an action for seduction. (*Bamfield* v. *Massey*, 1 Campb. Rep. 460. *Dodd* v. *Norris*, 3 Campb. Rep. 519. *Boynton* v. *Kellogg*, 3 Mass. Rep. 189.) In an action for a malicious prosecution. (*Rodriguez* v. *Tadmire*, 2 Esp. N. P. Rep. 721.) Breach of marriage promise. (*Johnson* v. *Calkins*, 1 John. Cas. 116.)

They also cited *Finnerty* v. *Tipper*, (2 Campb. Rep. 72.)

*Curia* per SUTHERLAND J. Evidence of the plaintiff's general character was properly admitted by the Judge. The plea was the general issue, merely, without any attempt to justify. In such cases, it is admissible for the defendant to prove many circumstances in mitigation of damages, and, among others, the bad character of the plaintiff. In *Foot* v. *Tracy*, (1 John. Rep. 46,) the Court were equally divided upon this point, Kent, Ch. J. and Thompson, J. being

NEW YORK, of opinion that the evidence was admissible, and Livings-
May, 1824. ton and Tompkins, Js. that it was not.

Paddock        The opinions of the former seem to me to be supported
v.        by the better reason, and they certainly are in accordance
Salisbury. with the late English and American authorities. Thus in
the *Earl of Leicester* v. *Walter*, (2 Campb. Rep. 251,) which
was an action for a libel, the defendant was permitted to
show in mitigation of damages, that before, and at the time
of publication, the plaintiff was *generally suspected* to be
guilty of the crime imputed to him; and that on that ac-
count his relations and friends had ceased to associate with
him. Ch. J. Mansfield said the rule was so settled. The
same doctrine was held by Eyre, Ch. J. in *Knobell* v. *Fuller*,
(Peak. Ev. App. 92, 3d ed.) So in *King* v. *Warring et ux.*
(5 Esp. Rep. 14.) Lord Alvanley says, " that where the
words charge the party with a crime or conduct injurious to
his reputation, evidence of antecedently *good character is
admissible; general character* is, in some respects, put in
issue." The case of the *Earl of Leicester* v. *Walter* was
sanctioned by the King's Bench in ——— v. *Moor*, (1 M. &
S. 285.) Lord Ellenborough says, " certainly a person of
disparaged fame is not entitled to the same measure of dam-
ages with one whose character is unblemished; and it is
competent to show that by evidence." In *Larned* v. *Buffing-
ton*, (3 Mass. Rep. 546,) the same principle was recognized,
though the evidence decided to be admissible there related
to the rank and condition, and not the character of the plain-
tiff. In *Walcott* v. *Hall*, (6 Mass. Rep. 514,) Ch. J. Parsons
admits the rule to be, that evidence of the plaintiff's *gener-
al character* may be given in mitigation of damages. The
evidence was rejected in that case on the ground that it did
not relate to his general character but went to prove the ex-
istence of particular reports injurious to him. It was inad-
missible, in that case, also, because the defendant had put
in a plea of justification.

In *Rodriguez* v. *Tadmire*, (2 Esp. Rep. 721,) the defen-
dant was permitted to give evidence of the general bad char-
acter of the plaintiff in an action for a malicious prosecution.
So also in actions for criminal conversation, and breach of

promise of marriage, the general character of the wife, in the one case, and the plaintiff in the other, as to chastity, may be given in evidence in mitigation of damages. (1 John. Cas. 116, Bull. N. P. 27, 296, 1 Phil. Ev. 139.) That the character of the party in actions of this nature should be taken into consideration in estimating his damages, all must admit; and since the want of character cannot be pleaded specially, it must be admitted under the general issue. Nor is there, as Ch. J. Kent observes, any general principle of law violated by it. Every man is supposed capable of sustaining his general character, though no man is presumed to be capable of repelling a specific charge without notice.

As to the verdict of the jury, we cannot disturb it. (*Dexter* v. *Taber*, 12 John. 239.) There was no misdirection of the Judge, or any rule of law violated; and the general rule is undoubtedly, as stated by Mr. Justice Spencer, in *Jarvis* v. *Hatheway*, (3 John. Rep. 180,) that in penal actions, and in actions for a libel or defamation, and other actions, vindictive in their nature, unless some rule of law be violated in the admission or rejection of evidence, or in the exposition of the law to the jury, the Court will not give a second chance of success. (1 Burr. Rep. 24. 2 Salk. 644.)

Motion denied.