## NEHEMIAH H. STONE *vs.* SAMUEL J. VARNEY.

In an action for a libel, evidence that the plaintiff's general character was bad when the libel was published, is admissible under the general issue, in mitigation of damages, although the defendant has filed a plea in justification, in addition to the general issue. And such evidence may be given after the plaintiff has introduced testimony to rebut the evidence given by the defendant in support of his justification.

TRESPASS upon the case for a libel alleged to have been published by the defendant, in a newspaper, imputing to the plaintiff ' heartless cruelty towards his child.' The defendant pleaded the general issue, (which was joined,) and filed the following specification of defence : " If the plaintiff shall prove that the defendant ever printed or published the matter set forth in the plaintiff's declaration, alleged to be libellous, the defendant will offer to prove, in justification, that the charges.

contained in said alleged libel, are true." Trial in the court of common pleas, before *Warren,* J., who reported the case, as follows:

" The publication, by the defendant, of the matter set forth in the plaintiff's declaration, was admitted, and the defendant offered evidence, in justification, tending to prove the truth of the charges therein made. The defendant then offered to show, in mitigation of damages, that before the publication of the alleged libel, the general reputation of the plaintiff, in the community, as a man of moral worth, was bad. The evidence was objected to by the plaintiff, and rejected by the court. The plaintiff then introduced evidence for the purpose of rebutting the evidence, introduced by the defendant, as to the truth of said charges.

" In this state of the trial, the court, upon the motion of the defendant, reconsidered its decision rejecting the evidence aforesaid. The plaintiff still objected, that the evidence was incompetent ; and further objected, that the court could not legally exercise any discretion as to the order of proof; and that, if competent at any time, the evidence could not, under any circumstances, be introduced in this stage of the proceedings. The court overruled both objections, and admitted the testimony, which was replied to by the evidence on the part of the plaintiff.

" A verdict was returned for the plaintiff, with nominal dam · ages. To the ruling aforesaid the plaintiff excepted."

*B. F. Butler,* for the plaintiff. After a *plea* in justification, the evidence which was received was not admissible. *Douglass* v. *Tousey,* 2 Wend. 353, 354. *Skinner* v. *Powers,* 1 Wend. 451. *Paddock* v. *Salisbury,* 2 Cow. 811. *Earl of Leicester* v. *Walter,* 2 Campb. 254. *Bailey* v. *Hyde,* 3 Connect. 463. *Wyatt* v. *Gore,* Holt N. P. 299. All previous contrary decisions and *dicta,* in the English courts, were overruled in *Jones* v. *Stevens,* 11 Price, 235. Roscoe on Ev. (1st Amer. ed.) 299 A *notice,* under our practice since special pleading was abolished, that the defendant will give evidence in justification, restricts him to the line of evidence to which he would have been confined under a olea in justification.

The point presented to the court in this case has never been decided in this Commonwealth. It has been discussed in the following cases: *Larned* v. *Buffinton*, 3 Mass. 546. *Wolcott* v. *Hall*, 6 Mass. 518. *Ross* v. *Lapham*, 14 Mass. 275. *Alderman* v. *French*, 1 Pick. 19. *Bodwell* v. *Swan*, 3 Pick. 376 *Commonwealth* v. *Snelling*, 15 Pick. 344.

*J. G. Abbott*, for the defendant. The question is, whether the defendant, under the general issue, can give evidence, in mitigation of damages, of the plaintiff's bad character, though a justification is set forth in the specification of defence. Where the general issue alone is pleaded, such evidence is admissible. In *Foot* v. *Tracy*, 1 Johns. 46, only four of the judges gave an opinion on this point; and they were equally divided. But in the subsequent case of *Springstein* v. *Field*, Anthon, 185, Spencer, J., who gave no opinion in the former case, said he had no doubt that the evidence was admissible. See also 2 Stark. Ev. 369, 878, and cases cited in the notes. Greenl. on Ev. § 55. Stark. on Slander, (1st Lond. ed.) 461. *Ridley* v. *Perry*, 4 Shepley, 22. *Bodwell* v. *Swan*, 3 Pick. 376. *Commonwealth* v. *Snelling*, 15 Pick. 344.

If such evidence was ever inadmissible by the law of this Commonwealth, when a plea in justification was added to the general issue, that law was altered by *St.* 1826, *c.* 107, § 2, which is reënacted by Rev. Sts. *c.* 100, §§ 18, 19.

The opinion of the court was delivered at October term 1844.

DEWEY, J. The first question raised in this case is, whether the defendant can, in an action of slander, under the general issue accompanied with a notice that the defendant will offe. evidence to establish the truth of the charge, in justification, give in evidence the general character of the plaintiff in mitigation of damages. This question is not new, but one that has often arisen, and been the subject of consideration. It was much discussed in the case of *Foot* v. *Tracy*, 1 Johns. 46, where it arose, however, under the single plea of the general issue, but was not decided; the members of the court, who gave opinions, being equally divided. Kent and Thompson, Js. were for its admission, and Livingston and Tompkins *contra* In a

later case, reported in Anthon, 185, *Springstein* v. *Field*, Spencer, J. took occasion to remark, that he had no doubt about the admissibility of the evidence offered in the case of *Foot* v *Tracy*, but for particular reasons connected with that case, he forbore to express any opinion on the hearing of the same. In *Paddock* v. *Salisbury*, 2 Cow. 811, the question came again before the supreme court of New York, when it was held that evidence of general character was admissible in mitigation of damages, under the general issue, which was the only plea filed in that case.

This subject was much considered in the case of *Root* v. *King*, 7 Cow. 613. The court there held that public reports of the facts stated in the libel were inadmissible as evidence in mitigation of damages, where a plea in justification had been filed, alleging the truth of the matter stated in the libel; but they also held that the general character of the plaintiff was put in issue in an action of slander, without regard to the pleading or notice of defence on the part of the defendant. Chief Justice Savage says, " under any circumstances, the defendant may show that the plaintiff's reputation has sustained no injury, because he had no reputation to lose." " The rule is admitted, that the general character may be attacked, because this is relied upon as the ground of damages, and the plaintiff is supposed at all times to be prepared to sustain his general character." See also *Inman* v. *Foster*, 8 Wend. 602. *acc.* Mr. Greenleaf, in his treatise upon evidence, Vol. I. § 55, says, " whether evidence impeaching the plaintiff's general character is admissible in an action of slander, as affecting the damages, is a point which has been much controverted, but the weight of authority is in favor of admitting such evidence." In 2 Stark. Ev. 369, it is said that in actions of slander, where the defendant has not justified, evidence of the plaintiff's bad character is admissible in reduction of damages; and in page 878, the author says, " general evidence of bad character seems to be admissible, although the defendant has justified that the imputation is true, for if the justification should fail, the question as to the quantum of damages would still remain." And such evidence has

been held admissible, in North Carolina, Ohio, and Kentucky, when a justification and the general issue are both pleaded. *Vick* v. *Whitfield*, 2 Hayw. 222. *Dewit* v. *Greenfield*, 5 Ham. 275. *Eastland* v. *Caldwell*, 2 Bibb, 21. *Calloway* v. *Middleton*, 2 A. K. Marsh. 372. See also *Sawyer* v. *Hopkins*, 9 Shepley, 268.

In New York, as before seen, such evidence has been admitted, where the general issue has been the only plea. So in Connecticut, Pennsylvania, South Carolina, and New Hampshire. *Brunson* v. *Lynde*, 1 Root, 354. *Austin* v. *Hanchet*, 2 Root, 148. *Henry* v. *Norwood*, 4 Watts, 347. *Buford* v. *M'Luny*, 1 Nott & M'Cord, 268. *Sawyer* v. *Erfert*, 2 Nott & M'Cord, 511. *Lamos* v. *Snell*, 6 N. Hamp. 413. See also *Waters* v. *Jones*, 3 Porter, 442.

In our own cases, we shall find that the general principles stated in *Larned* v. *Buffinton*, 3 Mass. 546, bear upon this question. The precise question of the competency of evidence touching the plaintiff's *moral character* was there waived, as no such evidence was embraced in the proposed proof. But it was ruled, that it was competent to give in evidence the plaintiff's rank and condition in life, either on the general issue, or a traverse of a justification ; and the reasons assigned are, that " the degree of injury the plaintiff may sustain by the slander, may very much depend on his rank and condition in society," and also that " it is a fact, in its nature, of general notoriety." In *Wolcott* v. *Hall*, 6 Mass. 518, in which there was a justification pleaded, evidence was offered, in mitigation of damages, of *general reports* that the plaintiff had been guilty of the crime imputed to him in the slanderous words. This was rejected ; but it was said by the court, that evidence of general bad character may be considered by the jury ; " for the worth of a man's *gen eral* reputation among his fellow-citizens may entitle him to large damages for an attempt to injure it ; which he ought not to obtain, if his character is of little or no estimation in society." The principle here settled seems to be that *particular* reports injurious to one's reputation, are to be rejected, but a bad *general* character may be shown in mitigation of damages ; and

this, though a justification be pleaded.  *Alderman* v. *French*, 1 Pick. 1, went no farther than to hold that evidence of a general report that the plaintiff had been guilty of the crime imputed to him, could not be received in mitigation of damages. In *Ross* v. *Lapham*, 14 Mass. 279, which was an action on the case for slanderous words, charging the plaintiff with perjury, and in which the court held it incompetent to offer in evidence, in mitigation of damages, that the plaintiff was an atheist, yet it was assumed that by commencing an action of slander, " the plaintiff put his general reputation at issue."  See also *Commonwealth* v. *Snelling*, 15 Pick. 344, which seems to recognize the same principle.  In *Bodwell* v. *Swan*, 3 Pick. 378, while it was held that reports of particular facts were inadmissible, it was declared, as the rule of law, that " the general bad character of the plaintiff may be shown, because he relies upon its goodness, before calumniated, as the principal ground of damages.   A fair character has been maliciously attacked, and the law will repair the mischief by damages ; but to a reputation already soiled the injury is small."

The English doctrine, as stated in *Earl of Leicester* v. *Walter*, 2 Campb. 251, and —— v. *Moor*, 1 M. & S. 284, seems to go farther than these doctrines, and to authorize the admission of mere public reports that the plaintiff was guilty of the crime imputed to him by the defendant.  See also *Richards* v. *Richards*, 2 M. & Rob. 557.  3 Stephens Nisi Prius, 2578.  But this rule has not prevailed with us, and is supposed by Mr. Justice Jackson, in his opinion in *Alderman* v. *French*, 1 Pick. 18, 19, to have been only intended as an admission of evidence of the general reputation and standing of the plaintiff.  In this view, they would bear upon this question.  As admissions of reports, we should reject them as authority.

It is said that the more recent English cases seem to consider evidence of general bad character as irrelevant, and therefore inadmissible.  It would seem, from the report of the case of *Cornwall* v. *Richardson*, Ry. & Mood. 305, that evidence of general good character was held not to be admissible for the plaintiff, where the defendant had filed special pleas of justifica

tion, as well as the general issue; and the presiding judge seems to have assumed that such evidence was not competent to either party.* This decision is directly opposed to the case of *Harding* v. *Brooks*, 5 Pick. 244. In *Jones* v. *Stevens*, 11 Price, 255, which contains much reasoning against the competency of such evidence, the question arose upon a plea in justification, containing general allegations against the plaintiff's character, and the real question was, whether it was competent to support the plea, and disprove the declaration, by producing evidence that the general character of the plaintiff, as an attorney, was bad This is the view taken of that case by Mr. Greenleaf, in his note to § 55 of the 1st volume of his treatise on evidence.

This review of the adjudicated cases, and particularly the decisions in this Commonwealth, and in the State of New York, seems necessarily to lead to the conclusion, that evidence of general bad character is admissible in mitigation of damages. That it is so where no justification has been pleaded, seems to be every where sanctioned, unless a contrary opinion is found in the recent English decisions to which I have alluded. Suggestions have been made, in some of the cases, that such evidence was not admissible where the defendant pleaded the truth in justification. But, upon principle, this distinction, I apprehend, will be found untenable. There is, doubtless, a class of cases, where the defendant, by pleading the truth in justification, may deprive himself of a defence upon which he might have relied, if he had pleaded the naked general issue; as that the words were spoken in passion, in giving the character of a servant, &c. In such cases, the very fact of pleading a justification, and putting upon the record an allegation of the truth of the words, has been supposed to take away the defence of the character above alluded to. But under our statutes, (Rev. Sts. *c.* 100, §§ 18, 19,) perhaps even this rule may be considered as modified, and indeed effectually changed. By § 18, it is provided that matter in one plea shall be no evidence

* See also *Stow* v. *Converse*, 3 Connect. 326    *Matthews* v. *Huntley*, 9 N. Hamp. 146.

in another ; and by § 19, that a plea in justification in slander, that the words spoken were true, shall not be proof of malice.

The reasons which authorize the admission of this species cf evidence, under the plea of general issue, seem alike to exist, and to require its admission, where a justification has been pleaded, but the defendant has failed in sustaining it.  It is not offered, in either case, as sustaining the justification, or making out a defence, but is solely applicable to the question of damages.  I agree with Mr. Justice Thompson, in his opinion, as stated in *Foot* v. *Tracy,* 1 Johns. 47, that " it cannot be just, that a man of infamous character should, for the same libellous matter, be entitled to equal damages with the man of unblemished repu- tation ; yet such must be the result, unless character be a proper subject of evidence before a jury."  Lord Ellenborough, in 1 M. & S. 286, also says, " certainly a person of disparaged fame is not entitled to the same measure of damages with one whose character is unblemished ; and it is competent to show that by evidence."

The theory of trials is, that the jury are to decide solely upon the evidence before them.  If so, they surely cannot make the distinction between a plaintiff of good name and fame, and one who is really infamous, unless evidence of this fact is al- lowed to be given.  Cases often occur where the jury are entire strangers to the parties, and if not so, they ought not to act upon the statements of any of their fellows, given in the jury room, and not under the sanction of an oath.  There seems to be no alternative but to admit this species of evidence ; and this as well when there is a justification pleaded, as when the defence is on the general issue alone.  In the former case, the evidence is to be applied solely to the question of damages ; and it would be the duty of the court to advise the jury that it could not be used to sustain the justification, but was properly introduced because both questions were before them, and if the justification failed, upon the evidence applicable thereto, they would consider the evidence of the character of the plaintiff, in assessing damages for the injury occasioned by the defamatory words ; but *for other purposes,* the evidence would be irrelevant.

This evidence should be confined to the general character of the plaintiff, as it existed before the publication of the slanderous words.

We think the objection as to the time when this testimony was admitted, in the present case, is of no avail, and that the ruling was not objectionable on that account. It was competent for the presiding judge to admit the evidence at that stage of the cause.

*Judgment on the verdict*