DENNIS COMMONS *vs.* FREDERICK S. WALTERS.

*Error from Perry Circuit Court*—Before the Hon. P. T. HARRIS.

———◆———

Where several pleas are pleaded, in pursuance of the statute, any evidence is admissible which might be legally introduced under any one of the pleas.

In an action of slander, evidence going to show that the plaintiff was suspected of being guilty of the offence imputed to him by the words charged, is not admissible under the plea of justification, which plea undertakes to prove the truth of the words.

Where a plaintiff sues for an injury done to his character, by a particular charge uttered and published against him, proof of want of character, by a general suspicion of his guilt in the very particular charged, is appropriate testimony under the general issue; but it is necessary, to authorise the admission of such testimony, that it should obviously relate to a time anterior to the uttering of the words charged to be slanderous.

Walters, the defendant in error, brought an action of slander against Commons, in the Circuit Court below, for saying that he, Walters, bought cotton of negro slaves; and in one count, that he hired negroes to steal cotton and bought it of them. Justification and the general issue were pleaded.— The defendant offered to prove that " it was generally suspected in the neighborhood" that the keeper of a certain shop, which was proved to have been kept by the plaintiff, " traded with negro slaves," and that " it was generally suspected in the neighborhood that the plaintiff did trade with negro slaves for cotton."

This evidence the court below rejected ; and it is the rejection of this evidence which is here assigned for error.

Commons
vs.
Walters.

Pickens, for Plaintiff in error.

In this case, there were several counts in the declaration; in two or three of them, the words charged were substantially, that the plaintiff "had bought cotton of negroes." The defendant offered to prove that "he was suspected of having bought cotton of negroes." The court refused to admit the evidence. This evidence was clearly admissible under the general issue, because it went to show that the character of the plaintiff was impaired ; that it was of little worth, in the very point in which it had been assailed by the words. The question under this issue, taking the amount of damages to be assessed into consideration, is not merely whether the words were spoken or not ; but it relates also to the amount of character of the plaintiff. It is always competent to prove a general bad character under the general issue.—*Starkie on Slander*, 404, 405, 406—2 *Nott & McCord*, 511.

The evidence was the more undoubtedly admissible in this case, as justification was also pleaded. The party charges us with having said certain words prejudicial to his character ; and we offer to prove that his character was such as our words represented it. This goes to justify the words ; and at any rate, it is admissible in mitigation of damages.

The admission of proof that goes to show that the damages done to the plaintiff's character, was small, is of salutary tendency. It recognises the authority of public opinion, which often is stronger than law, in restraining immorality, and maintaining the cause of uprightness in the community.

Peck, *contra.*

The words charged in the declaration are different in different counts, but they amount substantially to this, that the plaintiff below had "hired negroes to steal cotton, and had bought it of them." The evidence which the court rejected was, that "it was generally suspected that the plaintiff had bought cotton of negroes." The plea was the general issue. The defendant in such case cannot be allowed to prove a sus-

picion of a particular impropriety in mitigation of damages. He may prove the general bad character of the plaintiff: against such proof the plaintiff may be presumed to come prepared ; but he cannot come prepared to rebut a suspicion as to any particular offence.

The counsel may examine all the books, and he cannot find any respectable authority, that will permit a defendant to prove the character of the plaintiff, as to any particular crime, in mitigation of damages.

The defendant below did not offer to prove the fact, but the suspicion of the fact, which is not allowable.—6 Mass R. 514—3 Mass. R. 546.

The case before us corresponds to the case cited. The defendant below wished to destroy the effect of the action against him by overwhelming the plaintiff with particular scandal, which he could not come prepared to meet.

The true rule is, that the general character may be given in evidence, but particular rumors are inadmissible. The doctrine is the same, in this respect, whether the plea be the general issue or justification.

But in this case, the matter offered to be proved does not amount even to a moral impropriety, and was inadmissible on that account. One may lawfully trade with slaves, if such slaves have a written permit from their masters.

PICKENS, in reply.

Some of the words charged in the declaration were not actionable ; but the plaintiff having relied upon them, evidence cannot be excluded, because the matter offered to be proved is not of an actionable kind. We demurred to the declaration generally. The demurrer was overruled. We then pleaded to the merits. The jury found a verdict on the whole declaration. The jury may in fact have based their verdict chiefly on those counts which are much the same with the matter offered to be proved. There was no surprise here. We offered to prove that the plaintiff was suspected of the

Commons
vs
Walters.

very thing with which he had been charged. Particular facts different from the offence charged, cannot be admitted. If one be charged with stealing horses, proof that he stole hogs, or was suspected of stealing hogs, is inadmissible. But this case is different. We offer to prove that the character of the party was not good as to the very offence imputed to him. And here it is observable, that we pleaded justification as well as the general issue. If the evidence, or any of it, which was offered by defendant, and rejected by the court, would have gone to show the party guilty of the offence imputed, then the rejection was error.

By Mr. Justice THORNTON:

This was an action of slander, brought by the defendant in error; and the declaration contains five counts; in all of which except one, the slander is charged to consist, in the verbal imputation, by the plaintiff in error, that the defendant bought cotton of negro slaves ; and in that one, it is charged to be, that the defendant hired negroes to steal cotton, and then bought it of them. There appears to have been a demurrer to the whole declaration, which being overruled, was abided by ; and pleas of not guilty, and justification, were filed to all the counts, on which issues were joined. During the progress of the trial, a bill of exceptions was signed, taken by the plaintiff in error to the rejection by the court of the following testimony, viz : " that it was generally suspected in the neighborhood, that the keeper of this shop (one proved to be kept by the defendant in error) traded with negro slaves."— The defendant further offered "to prove that it was generally suspected in the neighborhood that the plaintiff did trade with negro slaves for cotton." The assignment of errors, relates alone to this matter. Under the plea of justification, I do not hesitate to conclude that this evidence was inadmissible ; for great precision is required, both in the plea, and in the proof under it. The truth is undertaken to be proved, which if established, removes all ground of claim for dama-

ges.[a] No suspicion, however strong or general, will amount to proof of a fact. Nor is common frme any ground for justification. But the general issue is also pleaded here, and I feel well assured that the construction of our statute authorising both pleas, should be such, as not to restrict in any manner the latitude of the pleaders *evidence;* but that any, which might be introduced under either plea, may still be adduced, though both are on file. Then we must consider, whether the rejected evidence is admissible under the general issue. If at all, it can only be with a view to the mitigation of damages. If a plaintiff sue for an injury done to his character by a particular charge, uttered and published against him ; as the loss of character, is the basis of damages, the conclusion in my mind is irresistible, that proof of want of it, previous to the time of uttering the accusation, by a general suspicion of his guilt in the very particular charged, is most appropriate testimony under the general issue.[b] This then being the only ground on which the admissibility of evidence of the nature of that offered in this case, can be maintained, it is plain, that it should relate obviously, and expressly, to a time anterior to the uttering of the slander ; for if it be referable to a time subsequent to its promulgation, and admitted, then the slanderer has only to be artful, and industrious in the propagation of his calumny, and the success of his crime will insure his impunity. The testimony offered in this case is not thus explicit in its application ; and for that cause was properly rejected.

There being no other assignment of error, the judgment must be affirmed.

Commons vs. Walters.

[a] 3 El. Com. 125.

[b] Starkie on Slander 409; 2 Camp. N. 251.