## BRADLEY v. GIBSON.

1. In an action of slander for calling the plaintiff a hog thief, evidence of a common report, that the plaintiff had been accused of that crime in Mississippi, and had runaway, is not admissible in mitigation of damages, without showing previously that plaintiff's general character is bad, and that such report was believed by his neighbors.

2. Nor is evidence of such report admissible in connection with a knowledge and belief of the report by the defendant, to rebut the presumption of malice in mitigation of damages, unless accompanied by a distinct admission that the charge is false.

Error to the Circuit Court of Montgomery.

ACTION on the case, by Gibson against Bradley, for speaking and publishing slanderous words. The words alledged to have been spoken, charged the plaintiff with being a hog thief, and that he runaway from Mississippi for stealing hogs, and that the plaintiff could prove it.

At the trial, upon the issue of not guilty, the defendant in mitigation of damages, offered to prove it was a common report in the neighborhood, where plaintiff, Gibson, lives, that

he had been accused of stealing hogs in Mississippi, and that he had left Mississippi for that purpose.

The defendant also offered to prove by another witness, that such was also the report in Mississippi, and that the witness came from that State to this about the time that Gibson did. He also offered to prove that it was a common report in the neighborhood where Gibson lived, that he had runaway from Mississippi for stealing hogs.

This evidence was excluded by the court, and the defendant excepted. The exclusion of this evidence is now assigned as error.

J. P. SAFFOLD, for the plaintiff in error, argued, that the action of slander puts the character of the plaintiff in issue, and if that is bad, it is unreasonable to expect damages as a compensation. Here the general report was shown to exist anterior to the time when the words were spoken, and the case is directly within the decision of Cummins v. Walters, 1 Porter, 323.

The general current of cases in the English courts is, that the defendant may show the plaintiff labored under suspicion, both before and at the time the words were spoken. [Leicester v. Walter, 2 Camp. 251; Wyatt v. Gore, 1 Hall's Cases, 299.] To the same effect are the decisions in many of the States. [Warmouth v. Cramer, 3 Wend. 395; Nelson v. Evans, 1 Dev. 9; Wilson v. Apple, 3 Ohio, 270; Dolbitt v. Greenfield, 5 Ib. 270; Henson v. Veach, 1 Blackf. 371; Cook v. Bulkley, 1 Pennington, 169; Buckler v. Sleever, 2 Wheaton, 313; Skinner v. Powers, 1 Wendell, 451; Buford v. McLuny, 1 N. & McC. 268; Hyde v. Barclay, 3 Conn. 466; Lewis v. Niles, 1 Root, 346; Calloway v. Middleton, 2 Marsh. 372; Small v. Anderson, 4 Mon. 367; Evans v. Smith, 5 Ib. 364; Low v. Scott, 5 H. & J. 438; Arrington v. Jones, 9 Porter, 139; 2 Starkie's Ev. 369.

J. E. BELSER, contra, insisted, that report merely was no ground to mitigate damages; the report must have been such as to fix the character of the plaintiff. But under no circumstances can reports be given in evidence, unless exist-

ing anterior to speaking the words. [1 Porter, 327; 4 Conn. 403; 2 Wend. 352.]

GOLDTHWAITE, J.—In actions of slander, the general character of the plaintiff may always be shown by the defendant, under the general issue, for the plain reason, that compensation is demanded for its injury, and if it be worthless, or indifferent, it is proper for the jury to know it, to make a correct estimate of the damage it has sustained. This is the conceded rule in the American courts. See cases cited by plaintiff; also, Bodwell v. Swann, 3 Pick. 376. In the present case, the effort does not seem to have been to show what character the plaintiff actually sustained where he lived, but to induce the jury to infer it was bad, because a common report prevailed, that he had in Mississippi been accused of stealing hogs. If the plaintiff's character had previously been shown as bad, we are not prepared to say it would have been improper to interrogate the witness, so as to show the plaintiff's character was affected by the general belief that the reports in circulation were true. To this extent, though the rule is denied by several cases elsewhere, (Mapes v. Weeks, 4 Wend. 659; Root v. King, 6 Cowen, 633,) our own court seems to have gone in Cummins v. Walters, 1 Porter, 323, where it was held proper for the defendant to show, it was generally suspected in the neighborhood, that the plaintiff traded with slaves. There, the general suspicion most probably, was considered as equivalent to showing the bad character of the plaintiff, for it is impossible he could have been thus suspected without its affecting his character. Beyond this we are unwilling to go, being clear that it is with reference to the character actually sustained, that reputation is admissible to lessen the damages.

A report that the plaintiff had been elsewhere suspected, or accused, of a particular offence, certainly has no tendency to show what his general character was at the trial, and when not directly connected with it by the general belief of the neighborhood, ought not to go to the jury in this connection.

There is an aspect, however, in which it may deserve consideration—whether such reports are not proper evidence to

rebut the presumption of malice, when it is shown they were communicated to the defendant under such circumstances as to induce the belief they were well founded. Upon general principles the defendant has the right to show under what circumstances the words were spoken. [Kennedy v. Dear, 6 Porter, 90; Arrington v. Jones, 9 Ib. 139; Teague v. Williams, 7 Ala. Rep. 844.] But although the belief in the report at the time, may greatly lessen the presumption of malice, if they are retracted when the party discovers he is mistaken, yet it is said such evidence is never admissible unless accompanied with an admission of the falsity of the charge. [Alderman v. French, 1 Pick. 1; Mapes v. Weeks, 4 Wend. 659.] The reasonableness of this rule is evident, when it is considered, that without such, an offending party would triumph in going out of court with light or nominal damages; and the plaintiff, though gaining his suit, would be in a worse condition than before. The unfounded rumors first compel him to vindicate his character by suit, and then, in the absence of an admission of their falsity, are given in evidence as all but equivalent to a justification.

In our judgment, there is no aspect in which general report can be admitted in an action like this, without a distinct admission that it is, in point of fact, unfounded.

Judgment affirmed.