## FULLER vs. DEAN.

[ACTION FOR VERBAL SLANDER.]

1. *Admission implied from silence.*—In slander for words spoken, charging larceny, defendant cannot be allowed to prove that, prior to the speaking of the words alleged, a third person had made the same charge against plaintiff, and that plaintiff did not then deny the charge.

2. *Evidence of plaintiff's general bad character.*—In such action, issues being joined on the pleas of not guilty and justification, the defendant may prove, in mitigation of damages, that the plaintiff's general character for honesty, before the speaking of the words charged, was bad.

3. *Evidence of plaintiff's general reputation in respect to particular crime charged.* The fact that plaintiff was generally suspected in the neighborhood, before the speaking of the words by defendant, of the particular crime imputed to him by those words, is also admissible evidence for the defendant, in mitigation of damages, although the charge was unfounded in fact.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. JOHN GILL SHORTER.

THIS action was brought by William R. Fuller, against William Dean, to recover damages for the false and malicious speaking by defendant of certain words charging plaintiff with having stolen a sack of salt. The pleas were, not guilty, the statute of limitations of one year, and justification; the last plea being interposed, by consent, after the argument to the jury had commenced. On the trial, as appears from the bill of exceptions, the plaintiff proved that the words charged were spoken by the defendant on the 1st August, 1855, and had reference to a transaction which occurred at Claiborne in the year 1832. The defendant offered to prove by a witness, " that, in 1853, he (witness) told plaintiff to his face that he had

Fuller v. Dean.

stolen a sack of salt, and he (witness) could prove it; and that plaintiff said nothing. This occurred after the witness and plaintiff had had a fight. The plaintiff objected to this evidence, but the court permitted it to go to the jury;" to which the plaintiff excepted.

"The defendant then examined a witness, who swore, that he knew the plaintiff's general character, particularly for honesty, prior and up to August, 1855, and knew it to be bad. Defendant then asked said witness this question : 'Do you know whether or not the plaintiff, before the speaking of the words by Dean about which you have testified, was or not generally suspected in the neighborhood in which [he] lived of having stolen a sack of salt.' The plaintiff objected to this question as illegal, unless it was preceded or accompanied by an admission on the part of the defendant that the charge was false; but the court overruled the objection, and allowed the question to be propounded to the witness, without requiring the defendant to make such admission; and the plaintiff excepted. The witness answered, that he was so suspected; to which answer the plaintiff objected, and moved the court to exclude it from the jury; but the court overruled the objection, and the plaintiff excepted. In admitting this evidence, the court stated, that it was admitted only in mitigation of damages."

The defendant introduced several witnesses, who testified, that the plaintiff's general character, particularly for honesty, prior and up to August, 1855, and as far back as 1832, was bad. This bad character was referred by one of the witnesses, partly, to a charge against him of having "sworn a lie about the entry of some land in the Choctaw purchase;" and by the others was attributed principally to the charge of having stolen a sack of salt, and partly to another charge of having stolen a five-dollar bill. This evidence appears to have been admitted without objection when it was offered; but, after the plea of justification had been interposed, in answer to an argument which plaintiff's counsel, in his opening speech to the jury, had drawn from the failure to put in that plea, the plaintiff's counsel moved the court " to exclude from the

jury all testimony in relation to the plaintiff's bad character subsequent to the year 1832, when the alleged stealing of the sack of salt occurred, and growing out of the alleged stealing of said sack of salt." The court overruled this motion, "and permitted the evidence to remain before the jury in mitigation of damages;" and the plaintiff excepted.

"The plaintiff asked the court to instruct the jury, that if they found from the evidence that the plea of justification was untrue, they cannot consider the plaintiff's bad character which had been produced in consequence of the charge of stealing said sack of salt, made prior to the speaking by defendant of the words charged in the complaint, even in mitigation of damages, if they found that the defendant spoke the words charged in the complaint maliciously; which charge the court refused to give, and the plaintiff excepted."

"The court charged the jury, that they could not look to the proof of the bad character of the plaintiff, acquired after the alleged stealing of the sack of salt in 1832, and before the utterance by defendant of the charge against the plaintiff, (if they found such bad character to have existed,) in ascertaining the truth or falsity of the plea of justification; but, if they found against the defendant on said plea, then they might look to such bad character, (if they found it existed,) in estimating the damages to which the plaintiff was entitled. To this charge the plaintiff excepted."

All the rulings of the court to which, as above shown, exceptions were reserved, are now assigned as error.

WATTS, JUDGE & JACKSON, for the appellant.

D. W. BAINE, *contra.*

STONE, J.—In considering the questions presented by this record, we attach no importance to the fact that the plea of justification was interposed after the evidence was given in, as the legal questions in either event are the same. For the purposes of this opinion, then, we will consider that the trial was had on three pleas: 1st, not guilty; 2d,

the statute of limitations of one year; and, 3d, justification.

The first exception questions the legality of the evidence introduced by the defendant, to the effect that, previous to the speaking of the slanderous words by him, another person had charged the plaintiff with having stolen a sack of salt, and that he (the plaintiff) did not deny the truth of the charge. We can see no principle on which this evidence was admissible, unless it be under the influence of the maxim, *qui tacet consentire videtur; an admission, inferred from acquiescence in the verbal statement of another*. In speaking of this kind of evidence, Mr. Greenleaf says: "It should always be received with caution; and never ought to be received at all, unless the evidence is of direct declarations of that kind which naturally calls for contradiction;" * * * "It may be impertinent, and best rebuked by silence."—1 Greenl. Ev. § 199. Now, we do not think the charge made in this case was of a nature to call for a reply; but, in the language of Mr. Greenleaf, we think it was impertinent, and best rebuked by silence. In admitting this evidence, the circuit court erred.—Lawson v. The State, 20 Ala. 65.

The remaining exceptions present substantially but two questions: 1st, whether, under these issues, it was competent for the defendant to prove, in mitigation of damages, that before the speaking of the words by Dean, the general character of the plaintiff for honesty was bad; and, 2d, whether it was competent, in mitigation, to prove, also before the speaking of the words charged, that Fuller was generally suspected, in the neighborhood in which he lived, of having stolen a sack of salt.

The first of these questions is answered in the affirmative, in Pope v. Welsh, 18 Ala. 631. The opinion of Parsons, J., in that case, is an able and well considered argument, fully sustained by authority; and we concur with him in his conclusions. We also concur with the court, in the case last cited, in disregarding the *dictum* found in the last paragraph of the opinion in Shelton v. Simmons, 12 Ala. 466.—See, also, Commons v. Walters, 1 Porter, 323; 2 Greenl. Ev. (6th ed.) § 424, and notes;

Eifert v. Sawyer, 2 Nott & McC. 511; Brunson v. Lynde, 1 Root, 354; Paddock v. Salisbury, 2 Cow. 811; Walcott v. Hall, 6 Mass. 514.

The case of Commons v. Walters, 1 Por. 323, also answers the second of the above questions in the affirmative. The case of Bradley v. Gibson, 9 Ala. 406, does not disturb the authority of Commons v. Walters. On the contrary, it impliedly re-affirms the doctrine. True, in the case of Bradley v. Gibson, *supra*, this court refused to receive evidence of a *report* that plaintiff had been *suspected* or *accused* of a particular offense. Proof that a party had been generally *suspected*, in the neighborhood, of an offense, is certainly a very different proposition from proof of a *report*, or *general report*, that he had been suspected, accused, or even *guilty* of such offense. There may be a report, or general report, that a party has been guilty of a certain offense; and that report may be so utterly disregarded, as that it does not cause the party to be generally suspected of guilt. The one may be idle rumor, while the other denotes confidence in the truth of the report, which of course would affect the party's general character. It is on this principle alone that the evidence is admissible. We re-affirm the doctrine settled in Commons v. Walters, *supra*.—2 Greenl. Ev. (6th ed.) § 424, note 1, on pp. 421–4; Earl of Leicester v. Walter, 2 Camp. 251; 2 Stark. on Slander, 88, and note pp. 89, 90, *et seq.;* Williams v. Mayor, 1 Binney, 92; Middleton v. Calloway, 2 A. K. Marsh. 372; Buford v. McLuny, 1 Nott & McC. 268; Hyde v. Bailey, 3 Conn. 466.

The case of Scott v. McKinnish, 15 Ala. 662, is not in conflict with this view.

What we have said above, in relation to the introduction of evidence, is decisive to show that the circuit court did not err, either in the charge given, or in the refusal to charge as asked. We think the charge asked, is a clear misapprehension of the rule. It is very true that a defendant shall not avail himself of the plaintiff's bad character, *caused by the slander uttered by himself*, to reduce the plaintiff's recovery. This would be to permit him to profit by his own wrong. It is equally clear, however,

that under no circumstances can the defendant be held accountable for damages to the character of the plaintiff, which are not traceable to the slander uttered by the defendant himself. If others, by uttering similar slanders, or imputing the same offense to the plaintiff, had tarnished his character before the slanderous words were uttered or repeated by defendant, proof that that first or former slander was false certainly should not have the effect of holding him who last repeated the words accountable for the combined injury to the plaintiff's character, caused, perhaps, mainly by the slander and malice of others. The vice of the charge consists in this, that it assumes erroneously that every slander uttered of the plaintiff, no matter by whom, or how often spoken, if it impute to him one and the same crime, is in law one and the same slander, and whoever repeats the charge is responsible for the whole.

For the single error above pointed out, the judgment of the circuit court is reversed, and the cause remanded.