EDWIN D. SWIFT *vs.* ELIHU DICKERMAN.

In an action of slander it is no objection to a recovery for the slanderous words charged, that the utterance of the same slanderous words has been proved against the defendant in a former action of slander between the same parties, for the purpose of proving malice in the utterance of the slanderous words charged in such former suit.

Nor is it any objection to proof of slanderous words not charged in the declaration, for the purpose of showing malice in the utterance of those charged, that the same slanderous words have been charged and recovered for in a former action of slander between the same parties.

The defendant in an action of slander can not be allowed to prove the truth of the words charged, for the purpose of mitigating damages.

Where the slanderous charge was that the plaintiff, a physician, had no professional knowledge or skill and lost almost all his patients, it was held that proof of particular instances in which the plaintiff had shown want of knowledge and skill, for the purpose of mitigating damages, was inadmissible.

And such evidence would not be admissible for the purpose of showing the professional reputation of the plaintiff, as reputation can only be proved by the direct testimony of those who are acquainted with it, and not by particular facts.

The defendant however is not to be denied the benefit of mitigating circumstances merely because they tend to prove the truth of the charge while they fall short of it. He may show by way of excuse, any thing short of a justification, which repels the presumption of malice, but does not *necessarily* imply the truth of the charge or *necessarily* constitute evidence of it.

Where mitigating circumstances are offered in evidence for the purpose of repelling the presumption of malice, it should be shown that the defendant knew of them at the time he made the charge.

Evidence is admissible in enhancement of damages, that the plaintiff suffered great anxiety and distress of mind by reason of the slander; and it is no objection to such evidence that the charge was against the plaintiff in his professional and not in his private character.

ACTION of slander ; tried to the jury in the superior court, on the general issue with notice, before *Mc Curdy, J.* The slanderous words charged in the declaration were as follows, the plaintiff being a physician :—" Dr. Swift loses almost all his patients." " I wonder any respectable person should employ Dr. Swift." " Do you employ Dr. Swift ? Any body might as well die as to have him."

Upon the trial the plaintiff offered witnesses to prove the speaking of the words charged. The defendant objected to the admission of their testimony, for the reason that on the trial of a former suit between the same parties for similar slander the same witnesses had been used by the plaintiff to prove the same words, for the *purpose of showing malice in that suit;* but the court admitted the testimony. The plaintiff also offered witnesses to prove that the defendant had spoken other similar words, imputing to the plaintiff the same professional unskillfulness as that charged in the words set forth in the declaration, not as a ground of action in this suit, but for the purpose of showing malice in speaking the words alleged in the declaration. The defendant objected to the admission of this testimony because part of the words so spoken were actionable in themselves, and a part of them were not only so actionable, but had been in fact used in evidence by the plaintiff as the ground of action in the former suit ; but the court admitted the testimony. For the purpose of mitigating damages the defendant offered evidence of more than thirty cases of professional treatment on the part of the plaintiff, in which he claimed that the plaintiff had shown a want of professional knowledge and skill ; all of which were specially set forth in his notice. To the admission of this testimony the plaintiff objected, and the court rejected it. The court charged the jury that they might take into consideration the words so admitted in evidence, not set forth in the declaration, on the question of malice but not as the grounds of the present action ; that they would have a right to give greater damages for express malice than for that which is merely implied in law ; and that if they should find that the slanders had injured the plaintiff's character and position, they might

take into consideration his anxiety and suffering on that account.

The jury returned a verdict for the plaintiff, and the defendant moved for a new trial for error in the rulings and charge of the court.

*Watrous* and *H. E. Pardee*, in support of the motion.

1. The evidence offered to prove the publication of the words charged, and to show malice, was improperly received. That offered to prove the words charged had been used in the former suit to show malice. Its force and effect had therefore been passed upon by a former jury and exhausted. Words thus used can not be made a ground of action afterwards. *Mix* v. *Woodward*, 12 Conn., 262, 292. The testimony offered to show malice, went mainly to the proof of the words recovered upon in the former suit, and other actionable words, and should have been rejected. The jury in the former case, had already awarded full damages for these words. *Root* v. *Lowndes*, 6 Hill, 519 ; *Thomas* v. *Croswell*, 7 Johns., 264 ; *Inman* v. *Foster*, 8 Wend., 602 ; *Bodwell* v. *Swan*, 3 Pick., 376 ; *Defries* v. *Davis*, 7 Car. & P., 112 ; *Stuart* v. *Lovell*, 2 Stark., 93 ; *Forbes* v. *Myers*, 8 Blackf., 74.

2. After this evidence was admitted, it was of no avail to tell the jury not to consider these words as the grounds of the present action, or that they were admitted only for the purpose of showing malice. The jury would necessarily allow these words to influence the amount of damages given. To tell them that they might consider these words as tending to show malice, and that if they found express malice they might give greater damages, was only telling them they might do indirectly what they could not do directly. Hilliard on Torts, chap. 7, § 111.

3. The court ought to have allowed the defendant to show that the plaintiff's practice in the numerous cases set out, was unskillful and calculated to give rise to just such remarks as the defendant uttered. *Williams* v. *Miner*, 18 Conn., 464, 472 ; 1 Hilliard on Torts, ch. 7, §§ 113, 117 ; 2 Greenl. on Ev., §§ 424, 425.

4. The jury were improperly told that in estimating the damage they might take into account the anxiety and suffering of the plaintiff. The words charged are not claimed to be slanderous except as they apply to the character of the plaintiff as a physician. The damage done therefore by the utterance of them can only affect the plaintiff as such physician; that is, can only affect him in his profession or calling. 1 Hilliard on Torts, ch. 7, §§ 18, 63; Starkie on Slander, 115; *Haythorn* v. *Lawson*, 3 Car. & P., 196; *Olmsted* v. *Brown*, 12 Barb., 657.

*C. Ives* and *Fowler*, contra.

1. The evidence of the slanderous words spoken by the defendant at other times was admissible to prove his malice in the utterance of those charged in the declaration. They are not made in themselves a ground of recovery, and so the defendant is not compelled to pay twice for the same slanders. *Mix* v. *Woodward*, 12 Conn., 265; *Williams* v. *Miner*, 18 id., 464; 1 Swift Dig., 488; Stephens N. P., 2577.

2. The evidence offered of particular cases of alleged unskillfulness on the part of the plaintiff in the exercise of his profession, was inadmissible. The defendant did not pretend to justify the words spoken, but offered this evidence merely in mitigation of damages. The only object of the defendant could be to show the plaintiff's poor reputation as a physician, and thus show that he was not injured by the slander; but character can not be proved in court by adducing particular facts; it can be shown only by evidence of general reputation. *Seymour* v. *Merrills*, 1 Root, 459; *Flint* v. *Clark*, 13 Conn., 361; *Ross* v. *Lapham*, 14 Mass., 279; *Alderman* v. *French*, 1 Pick., 1; *Hall* v. *Power*, 12 Met., 483; *Hamer* v. *McFarlin*, 4 Denio, 509; 1 Hilliard on Torts, ch. 7, § 205. The particular facts set up in the notice and offered in evidence tend directly to prove the truth of the charge, and nothing else, and are therefore inadmissible in mitigation of damages. Sedgw. on Damages, 540; *Darling* v. *Banks*, 14 Ill., 46; *Abshire* v. *Cline*, 3 Ind., 115; *Stees* v. *Kemble*, 27 Penn. S. R., 112.

3. The charge in relation to damages was correct. 1 Hilliard on Torts, ch. 7, § 217; *Clark* v. *Binney*, 2 Pick., 113 ; *Shute* v. *Barrett*, 7 id., 82 ; *Coleman* v. *Southwick*, 9 Johns., 45 ; *Fry* v. *Bennett*, 4 Duer, 247 ; *Spencer* v. *McMasters*, 16 Ill., 405; *Lawrence* v. *Housatonic R. R. Co.*, 29 Conn., 390.

SANFORD, J. This is an action for words spoken, which impute to the plaintiff, a practising physician and surgeon, the want of professional knowledge and skill.

The defendant pleaded the general issue, with notice that upon the trial he would offer evidence of more than thirty specified cases of professional treatment on the part of the plaintiff in which he " did not possess and employ such knowledge and skill as a physician of suitable professional knowledge and skill would and ought to employ." Upon the trial of the issue the plaintiff offered certain witnesses to prove the speaking of the words set forth in the declaration. The defendant objected to their testimony because in a former action in favor of the present plaintiff against this defendant for similar slander, these witnesses had been used to prove the words now complained of in this suit, for the purpose of showing the defendant's malice in that. The superior court overruled the objection, and we think it decided right.

It was obviously of no importance that the evidence proposed was to come from the mouths of the same witnesses who had testified on the former trial. The real question was, whether evidence of the defendant's utterance of the particular words now declared on could be given on this trial, after the plaintiff had once used it on the trial of the other cause to show the defendant's malice. The objection seems to rest upon the idea that for this slander the plaintiff has, presumptively, once recovered, and the defendant has once made compensation. But that idea has no foundation. On the former trial this evidence was used only for the purpose of showing the defendant's malice at the time he spoke the words then declared on. It was admissible for no other purpose. What the defendant's state of feeling toward the plaintiff was at any

other time, was, abstractly considered, irrelevant to the issue, and was provable only for the sake of the inference which it authorized regarding his state of feeling when he uttered the words complained of in the cause on trial.

The jury undoubtedly were, as they always are, instructed that no damages should be given for any defamatory utterance except that declared on in the case then on trial.

If it were important now to show that this evidence was properly received on the former trial, we should refer to the cases of *Williams* v. *Miner*, 18 Conn., 464, and *Mix* v. *Woodward*, 12 Conn., 262, in which this court held such evidence admissible. And it may tend in some degree to elucidate the point now under consideration, to remark that evidence of this kind is receivable upon the same principle as where, upon a question regarding a testator's sanity, evidence of his conduct and declarations both before and after the execution of his will is received to show what the state of his mind was when the will was executed. It is a legitimate inference from the fact that a testator was of sound mind the day before he made his will and the day after, that he was so on that day also; and *vice versa*.

So in an action for slander, if the defendant made the same charge as that complained of in the suit on trial the day before or the day after the utterance complained of, evidence of that fact would conduce to prove that the charge complained of in the declaration was not made heedlessly, but was intentional and malicious.

No damages then can have been rightfully given in the former suit for the slander complained of in this. And we cannot presume either that the jury were not properly instructed on that trial, or that they disregarded such instructions.

The defendant also objected to the admission of evidence to prove that he had spoken words like those declared on in this case at other times, because those words were actionable, and some of them had been used by the plaintiff as the foundation of his recovery in the former suit.

This evidence was offered and received for the sole purpose of showing the defendant's malice in speaking the words now

declared on, and for that purpose it was admissible for the reasons just suggested.  It conduced to prove a fact from which a legitimate inference regarding the defendant's feelings and motives when he spoke the words now sued for might fairly be deduced.  Every uncalled for utterance of a defamatory charge is more or less indicative of the speaker's malice at the time of speaking, and as his malice *then* was provable in this suit only for the sake of the inference which it authorized· regarding his mental feelings when he spoke the words now declared on, neither the fact that the words objected to were actionable, nor that the plaintiff had recovered damages for their utterance, in the former suit, in any degree affected the question of the admissibility of the evidence to prove them now.  No damages were *now* demanded or could be given because they were uttered *then*, nor because of the malicious motives and feelings which *then* induced their utterance.

2.  It is claimed that the superior court erred in rejecting the evidence offered by the defendant to mitigate damages.

No rule of law is better settled than that in actions of slander the defendant shall not be permitted to prove the truth of the words for the purpose of mitigating the damages.  If the charge is true, that may be pleaded in justification, and must be so pleaded, or notice of justification must be given at the time of pleading, or it can not be proved upon the trial.  2 Selw. N. P., 1167 ; *Bailey* v. *Hyde*, 3 Conn., 463 ; 2 Greenl. Ev., § 424.

The imputation contained in the words complained of in the first count of this declaration is, that the plaintiff, professing to be a physician, and practising as such, was so ignorant and unskillful that most of his patients lost their lives by following his prescriptions ; in the second count, that the plaintiff was destitute of good character as a man, and of skill, knowledge and experience as a physician ; and in the third, that he had so little professional knowledge and skill that he was more likely to kill than to cure those who employed him.  Want of professional knowledge and skill, then, is the gist of the imputation contained in the words complained of.  The evidence

offered was of the facts and circumstances of the plaintiff's treatment of disease in some thirty cases specified in the notice, in all of which cases, as the defendant claimed, the plaintiff evinced professional ignorance and want of skill.

Had the defendant by a special plea or notice justified the speaking of the words complained of because they were true, the evidence under such plea or notice would have been admissible. But the truth of the defendant's charge was not pretended, and the notice was as unavailing as it was unnecessary. In this action facts which affect the amount of damages merely, can never be specially pleaded, and may always be given in evidence under the general issue without notice. And neither plea nor notice will enable a defendant to introduce evidence which has no legal tendency to prove the issue under which he offers it. *Williams* v. *Miner,* supra; *Stow* v. *Converse,* 4 Conn., 33; *Andrews* v. *Vanduzer,* 11 Johns., 38; 2 Greenl. Ev., § 425. Upon this trial the defendant made no attempt to justify the speaking of the words, but he contended that the plaintiff's damages should be reduced because in certain specified cases he had treated his patients in such a way as to evince his want of professional knowledge and skill.

Now damages in this kind of action are denied altogether, and the suit is barred, when the words though spoken were not defamatory, or were true, or were spoken under circumstances which justified their utterance. And damages are to be reduced where the plaintiff's reputation in regard to the offense or misconduct imputed by the words was in fact impaired before the words were uttered, because an impaired reputation is less valuable than a sound one, and a smaller amount of injury can be done to it. And they are to be reduced also, where the cirumstances under which the words were uttered were such as to show that, although false, their utterance was not in fact malicious.

This evidence was not offered to defeat the suit, and we think it was inadmissible to reduce the damages. It was not admissible for the purpose of showing that the plaintiff's professional reputation was impaired before the words were spo-

Swift *v.* Dickerman.

ken. Reputation, or as it is sometimes called, character, is a fact to be proved by the testimony of witnesses who know it, not by the proof of specific instances of misconduct which might or might not have injuriously affected it. Every man is bound, and is supposed to be always prepared to answer and repel imputations upon his general reputation whenever that reputation is by the rules of law assailable in court, but not to answer specific charges of misconduct unconnected with the subject matter of the suit. In actions for defamation damages should be given in proportion to the value of the plaintiff's character at the time it was assailed by the defendant, and the degree of malice which actuated the assailant. But the misconduct of the plaintiff in particular instances has no necessary connection with his reputation. It is matter of common observation that physicians of the highest professional attainments and reputation sometimes err in their treatment of particular cases of disease; and probably the practice of almost every physician affords examples of erroneous and injurious treatment; but the loss of professional reputation is by no means necessarily involved in such mistakes. It may not be known or believed that they have in fact occurred, and so their occurrence may have produced no effect upon the public mind. There is then no necessary connection between mistakes in medical practice and loss of professional reputation, and therefore the loss of reputation can not be legitimately inferred from the proof of such mistakes.

The offered evidence was inadmissible also for the purpose of showing that the defendant was not actuated by malicious motives in making the imputation. We assent to the doctrine sanctioned by this court in *Williams* v. *Miner*, " that a defendant should not be deprived of the benefit of mitigating circumstances for no better reason than that they conduce to prove the truth of the charge *while they fall short of it*." The defendant may show in evidence by way of excuse any thing short of a justification, which does not necessarily imply the truth of the charge, or necessarily tend to prove it true, but which repels the presumption of malice. But the *only tendency* of the evidence offered in the case at bar, was to prove

the truth of the charge. The offer was to prove facts and circumstances which evinced the plaintiff's ignorance and unskillfulness, the very thing imputed to the plaintiff by the defendant's words. In *Williams* v. *Miner* the offered evidence went to prove that the taking of the property charged as a theft was a trespass only, but a trespass committed under such circumstances as to justify, or at any rate excuse, the belief that it was felonious. The admission of that evidence therefore was not a violation of the rule that the truth of the words can not be proved in mitigation of damages. Evidence of the taking of the property was applicable alike to a felony and a trespass, and conduced to prove the one or the other according to the claim of the party offering it, and its bearing upon other facts and circumstances connected with the same transaction. The defendant claimed that she was misled by delusive appearances calculated to deceive, and she had a right to prove what those appearances were. In the case at bar the necessary implication from the facts and circumstances which the defendant proposed to prove was that the charge was true, and the evidence conduced directly to prove it so, and to prove nothing else.

Besides, it does not appear that those facts and circumstances were known to the defendant when he made the charge. *Non constat* but that they all came to his knowledge after he spoke the words, and if the fact were otherwise, he should have shown or offered to show it upon the trial, and that he did so should now appear upon the motion.

Lastly. The charge that " if the jury should find that the slanders had injured the plaintiff's character and position they might take into consideration his anxiety and suffering on that account," was right.

It is true that the words spoken relate only to the plaintiff's professional character and are aimed especially at his pecuniary interests dependent upon his professional calling and employment. But the natural if not the necessary effect of professional degradation and disgrace is personal anxiety and suffering on account of it. And that anxiety and suffering

were proper subjects for compensation to the plaintiff, and ought to be atoned for by the defendant.

There is, and there ought to be, no other rule upon the subject, than that a tort feasor shall be held responsible in damages for the full amount of all the immediate injury occasioned by his wrongful act. This rule was adopted by the superior court and sanctioned by this court in the recent case of *Lawrence* v. *Housatonic R. R. Co.*, 29 Conn., 390, in that of *Seger* v. *Barkhamsted*, 22 Conn., 290, and in many other cases.

It is difficult to conceive how a member of either of the learned professions can be injured in his professional character without being at the same time subjected to anxiety and mental suffering,—suffering on account of apprehended professional dishonor, to be followed as it naturally and almost necessarily is, and *always ought to be,* by social degradation and disgrace, and the ultimate loss of professional employment with its honors and emoluments. Bodily pain comprises but a very small part of the suffering endured by rational beings, and the injuries which the calumniator inflicts act, often entirely and always immediately, upon the mental sensibilities of his victim. Mental suffering then constitutes an important element in the calculation of compensation to be made for such an injury.

We have no occasion to controvert the doctrine of the cases cited upon this point by the defendant's counsel, but we do not see its applicability. *Haythorne* v. *Lawson*, 3 Car. & Payne, 196, was a joint action for a libel on the plaintiffs as bankers and co-partners, and Gasely, J., correctly held that damages could be given only for the injury which the plaintiffs had suffered in their joint trade as bankers ; and for the obvious reason suggested in the argument by Sergeant Wilde, that a joint action is maintainable only for that in which the plaintiffs have a joint legal interest. In the case of *Olmsted* v. *Brown*, 12 Barb., 657, the plaintiff seems to have failed because he had not sued the person who had injured him. That was an action by a husband for *his* injuries consequent upon the slander of his wife, which slander he claimed caused *her* illness and *his* consequent loss of her services and society, and

the expenses of her cure. The words were spoken by the defendant, but not in the presence of the wife, nor were they communicated to her by the defendant's direction or request. The immediate cause of the injury to the wife's feelings, which occasioned her illness and the plaintiff's damage, was the voluntary and unjustifiable repetition of the slander by third persons in the hearing of the wife. Mullett, J., said the plaintiff gave no proof of any relation between the speaking of the slanderous words by the defendant to the witnesses and the injury imputed to them. The plaintiff had sued the wrong party.

A new trial should be denied.

In this opinion the other judges concurred; except DUTTON, J., who having been counsel in the case when at the bar did not sit.