# Stephens *v.* Barnwell, *et al.*

*Ejectment.*

ι Decided Dec. 19, 1907.  45 South. 233.)

1.  *Evidence; Statements of Third Person; Admissions.*—Where statements were shown to have been made to one of several defendants in the presence of the other defendants, that it was agreed between one of the defendants and the plaintiff that such defendant should reside upon the land as plaintiff's tenant and that the other defendants should continue also to reside there, such conversation was admissible against all the defendants, as indicating the extent and character of their possession, provided it was shown that such conversation was understood by those present but not participating therein, and was had under such circumstances as naturally to call for a reply.

2.  *Same; Weight; Evidence.*—Evidence of a party's failure to deny statement with reference to his interest, made in his presence by others should be cautiously credited.

3.  *Same; Admission of Co-tenants.*—One co-tenant cannot by admission or denial prejudice the right of his co-tenants.

4.  *Same; Adverse Possession; Acquisition of Title; Termination.*—Where the one under whom defendants claim had acquired title before the execution of plaintiff's deed, the admission of one or all of the defendants claiming under such an one, of the superior right or title in plaintiff, would not divest them of the legal title so derived, unless they held possession recognizing plaintiff's title for a time requisite to complete the bar of the statute, in which case plaintiff's title would be established notwithstanding the prior title.

APPEAL from Mobile Circut Court.

Heard before Hon. PALMER PILLANS, Special Judge.

Ejectment by George H. Stephens against Louisa Barnwell and others.  From a judgment for defendants, plaintiff appeals.  Reversed and remanded.

The facts as to the plaintiff's title are sufficiently stated in the opinion as are the tendencies of the evidence to show possession.  Judge Austill, in testifying, stated that when he and Mr. Stephens drove up to the gate of the old lady, the mother of the family, and in fact all of the family, came out to the fence.  "I introduced Mr.

[Stephens v. Barnwell, et al.]

Stephens to the old lady. There were three men, two of them standing at the fence, and one of them came to the buggy with the old lady, and it was with these two persons particularly that the conversation was had. The oldest boy was named William. Mr. Stephens was introduced as the party who had purchased the land. The old lady remarked that they had been living on the place a long time, and that they hated to be put out. Mr. Stephens replied that he did not want them put out; that he wanted somebody to stay on the place to take care of it, and if they were willing to stay there and take charge of the place and keep off trespassers he would let them stay without any charge for rent. William represented himself as being the oldest man, and I suggested that the contract be made with him, and it was agreed to by William in the presence of the old lady, with the understanding that all the family were to be allowed to remain there." At the request of the defendant, the court limited the testimony to William only, and excluded it as to the other defendants. The plaintiff introduced other witnesses tending to show that Albert Barnwell before his death held the land as a tenant of Elizabeth Cleveland. The defendants set up prior possession, and the adverse possession of Albert Barnwell, the husband of Louisa Barnwell and the father of the other defendant, and their own possession for 12 years.

ERWIN & McALEER, for appellant. The statements made by Judge Austill and the replies were distinct admissions, which if not true, called for immediate repudiation on the part of the other defendant, and the court erred in limiting it to the defendant making the statement.—*Hicks v. Lawson*, 39 Ala. 90; *Kirtland v. Trott*, 66 Ala. 420; A. & E. Ency. of Evi. 367. The failure to object to the evidence on the ground that preliminary

proof had not been made was a waiver of that objection.
—*Sowell v. The Bank,* 109 Ala. 95.

L. H. & E. W. FAITH, for appellee.  Where the bill of
exceptions fails to set out all the evidence, the presump-
tion will be indulged that there was other evidence to
support the rulings of the court.—*Sanders v. Steen,* 128
Ala. 633; *Clardy v. Walker,* 112 Ala. 264; *Shafer v.
Hausman,* 139 Ala. 240. The court did not err in exclud-
ing the testimony of Judge Austill.—*Payne v. Craw-
ford,* 102 Ala. 398; *Dorlan v. Westervitch,* 140 Ala. 292.
The survey and map were not before the court.—*Barrett
v. Kelly,* 131 Ala. 385.  The paper itself was the best
evidence of what it was and what were its contents.—
*Mooney v. Howe,* 84 Ala. 80; *Griffin v. The State,* 129
Ala. 93.  The court did not err in the charge given by
appellee.—*Jarvis v. Lynch,* 52 N. E. 657.

McCLELLAN,  J.—Ejectment  by  appellant.  The
plaintiff asserted his title to be derived through a deed
executed in 1892 from Mrs. Cleveland of whose posses-
sion of the property there was a tendency of the testi-
mony to show, as well as that under his deed the plain-
tiff went into possession of the premises and made im-
provements thereon.  The defense was adverse posses-
sion, which, of course, rendered, under one phase of the
case, controversial the character and extent of the pos-
session of the defendants.  The plaintiff's testimony
tended to show that after the execution of the plaintiff's
deed he and Judge Austill visited the premises with a
view to ascertaining the state of the possession, and that
Louisa and William Barnwell, defendants, disclaimed
any hostile claim of title or possession to that of the
plaintiff; William executing an instrument stating that
he held the land as a tenant of the plaintiff.  The plain-
tiff excepted to the action of the court in limiting this

testimony to the above-named defendants, and excluding it as against the remaining defendants, upon the ground that the disclaiming of Louisa and William, in the presence of the other defendants, operated to require their avowal of their claim, if any, to the land, and that their silence was evidence against their claim at a later time. The rule for the admission of such evidence is thus stated in *Peck v. Ryan,* 110 Ala. 341, 17 South. 734: "That the statement must be heard and understood by the party to be affected by it, that the truth of the facts embraced in it must be within his knowledge, and that the statement must be made under such circumstances, and by such persons as naturally call for a reply." The authorities to support the announcement are there cited. See Wetmore on Evidence, §§ 1071, 1072. Judge Austill testified that, upon the occasion referred to "all of the family came out to the fence" near which the transaction and statements limited by the court took place. It appears from the record that the defendants, other than Louisa and William, resided with them on the premises. In view of these circumstances, we think the court erred to the prejudice of plaintiff in limiting the testimony as it did.

The character and extent of the possession of all the defendants was a material inquiry in the premises; and it was admissible against all defendants, as indicative of the character and extent of their possession provided, of course, the conditions set forth in the quoted rule, rendering silence an evidential circumstance, were found by the jury to have existed at the time in question. However, it is appropriate to suggest that such evidence should be cautiously credited.—*Campbell v. State,* 55 Ala. 80; *Fuller v. Dean,* 31 Ala. 654; *Matthews v. State,* 55 Ala. 187, 28 Am. Rep. 698. If the defendants were found to bear the relation of tenancy in common to the

[Stephens v. Barnwell, et al.]

premises in dispute—a relation predicable, either upon an adverse possession which had invested Albert Barnwell with title to the premises, or upon their own adverse possession for the necessary period—no act or word of any of said tenants could prejudice the rights of his or her fellows.—Freeman on Co-Tenancy, §§ 169, 170, 172. And if the jury should find that the possession of Albert had ripened into title before the execution of the plaintiff's conveyance in 1892, the admission of any or all of the defendants, his widow and heirs, of a superior right or title of plaintiff, such, of course could not operate to divest them of the legal title, but if they held possession in recognition of plaintiff's right or title for the requisite period to complete the bar of the statute, the plaintiff's title would be established, notwithstanding the prior title of Albert Barnwell.

We need not discuss the other error assigned, since on the trial to be had the identification of the lands sued for will be shown by proper testimony. It was proven by the witness Nicoll that the lands described in the complaint embraced that described in the deed. For the error indicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and ANDERSON and DENSON, JJ. concur.